## GARDNER et al. *vs.* GANTT et al.

1. The distributees or next of kin can maintain no suit either at law or in equity, for the mere purpose of distribution, until letters of administration have been granted on the estate of the decedent.

2. The statutes of this State have changed the common law with respect to the rights of executors, and an executor here is not entitled to exercise any power as such, until he has been duly qualified in the manner pointed out by the statutes.

3. Hence, if an executor assents to a legacy before letters testamentary have issued to him, his assent will not pass the legal title, nor bind the estate which he represents.

Error to the Chancery Court of Dallas. Tried before the Hon. W. W. Mason.

The bill alleges that Robert Gantt, the father of complainants, duly executed his last will and testament, which, after his death, was admitted to probate in the proper county. By said will the testator bequeathed certain slaves to his wife during her life or widowhood, with remainder to complainants. The widow sold, and otherwise disposed of, the slaves, and some of them

are alleged to be in the possession of Gardner, who is made a defendant. The bill also alleges the death of the widow, and that all the debts against the decedent were fully paid. The chancellor sustained bill, and granted the relief prayed, and the defendants are now plaintiffs in error.

LAPSLEY & HUNTER, for plaintiffs in error:

1. The legatees or distributees of Robert Gantt cannot maintain this suit. His administrator is the only proper party complainant.—Farley v. Farley, 1 McCord's Ch. R. 506; Hall v. Andrews, 17 Ala. 40; Kelly v. Kelly, 9 ib. 908; Upchurch v. Nosworthy, 12 ib. 532; Cleveland v. Chandler, 3 Stew. 489; 2 Williams on Executors, 843.

2. A decree in this case would be no protection to the defendants against another suit by the administrator, in whom the legal title is vested. The averment that there are no outstanding debts cannot cure the defect, for the defendants here are not the proper parties to contest that.

WILLIAMS & CAMPBELL, *contra:*

1. The rule that an executor must assent to a legacy is intended for the protection of the executor himself and the creditors of the estate. But in this case the debts are shown to be paid, and there is no use for an administration, unless for the purpose of making distribution; and that is also unnecessary, because distribution is made by the will itself. In Andrews v. Hunneman, (6 Pick. R. 126,) it is laid down that a legatee cannot maintain an action for a legacy, until it appears that there are assets sufficient to pay the debts, unless the executor assents to the legacy. The plain inference from this is, that when it is affirmatively shown that the assets are sufficient to pay the debts, an action may be maintained, although the executor does not assent to the legacy. Even if it were true that an executor can maintain trespass or trover against a legatee, who takes or retains property specially bequeathed to him, without the executor's assent, it does not follow that any one else can make the same objection. The cases of Upchurch v. Norsworthy, 12 Ala. 532, and Farley v. Farley, 1 McCord's Ch. R. 506, were contests between the legatee and the personal representative.

2. The assent of the executor will be presumed from circumstances, because the law will presume that he has done his duty;

as when an executor dies after the debts are paid, but before the legacies are satisfied ; or when a legatee possesses himself of the property, and retains it without complaint from the executor.— 2 Williams on Executors, 1180. A person who is appointed executor may assent to a legacy before he proves the will.—1 ib. 240 ; 2 ib. 1182. Even if he should afterwards die without proving the will, his assent will be effectual.—1 ib. 241 ; 8 Sim. 67. Assent will be presumed from long acquiescence, or from any other act in the course of administration from which it may be inferred.—2 Williams on Ex. 1183-4. In this case the executrix took possession of the property, and enjoyed the life estate. Acquiescence by the executor in the possession of one who has a specific legacy at the testator's death vests the legacy without a formal assent, if the assets are sufficient for the payment of the debts.—See 6 Pick. R. 126 ; 2 Hill's (S. C.) R. 522 ; 1 Dev. & Bat. 72. In this case some of the legatees had possession before the death of the executrix, and this is sufficient evidence of assent.

3. Was the widow in fact so far executrix as to enable her to give an assent that would be binding? She did not disclaim or renounce the trust, but simply failed to qualify. With respect to the acts which will be sufficient to compel the executor to take probate, the authorities lay down two general rules : 1. Whatever acts show an intention on his part to take upon himself the executorship will amount to an administration. 2. Whatever acts will make a man executor *de son tort*, will also be deemed an election of the executorship.—1 Will. on Ex. 228. If the executrix acted in such a way that a court of chancery would compel her to execute the will, then will her assent be presumed for the protection of the legatees.

DARGAN, C. J.—The distributees or next of kin can maintain no suit, either at law or in equity, for the mere purpose of distribution, until letters of administration have been duly granted upon the estate of the deceased. This principle is well settled by authority, but even without decided cases, no other rule could obtain, for the reason that the law casts the title to all the personal estate of the decedent upon his personal representative. It is true that he holds the title as trustee to pay the debts, in the first instance, and then to make distribution according to the

statute amongst those entitled. But until letters of administration have been granted, the legal title cannot be brought before the court, and therefore it cannot be bound by a decree; nor can the court see that the trusts have been executed. For instance, if the next of kin should file their bill for distribution and a decree should be rendered, it could not bind the administrator who might be afterwards appointed; nor would such a decree afford the slightest protection to those against whom it might be rendered, as against the claims of the administrator. In the case of Bradford v. Felder, (2 McCord's Ch. R. 168,) the question was, whether the next of kin could file a bill in equity for the recovery of property, no administration having been granted on the estate of the deceased. The Court of Appeals of South Carolina held that they could not. In the case of Taylor v. Brooks (3 Dev. & Bat. 139,) the question was, whether the next of kin, before final distribution, could maintain detinue for a slave, the administrator having died before the full and complete administration of the estate. The Supreme Court of North Carolina held that they could not. In the case of Alexander v. Stewart et al., (8 Gill & John. 226,) the question was, whether property remaining in specie, and which was left unadministered by the executor who had died, could be recovered by the distributees by bill in equity, it appearing that there were no debts against the estate of the testator. The Court of Appeals of Maryland held that it could not.

With these decisions I am entirely satisfied; for it is the object of all courts, especially courts of equity, to put an end to litigation, and to protect those who may be compelled to obey their decrees; but if the legal title is not before the court, *no decree can be rendered* that will bind it, nor will the performance of the decree by the defendant afford him any protection. Instead, therefore, of ending litigation and binding the rights of the parties, if courts of equity were to proceed at the suit of the distributees, without having the title of the administrator before them, their judgments might become the sources of litigation and injustice.

But it is argued that this rule will not apply to legatees, although no letters testamentary have been granted to the executor, nor letters of administration with the will annexed to any other person, because the executor may assent to the legacy be-

Gardner et al. v. Gantt et al.

fore the probate of the will or the grant of letters testamentary to him, and that this assent will give the legatee a perfect title to the legacy, and he may sue in respect to it, either at law or in equity, as the case may require. In England it is true that the executor derives his title and authority from the will, and therefore if he assent to a legacy even before probate, and should die without taking out letters testamentary, nevertheless his assent shall stand firm, and the legatee's title will be perfect.—1 Will. on Ex. 160. But in this State it has been long settled, that our statutes have changed the common law in this respect, and the executor here is not entitled to exercise any power as such, until he has been qualified to act in the mode pointed out by the statutes.—Cleavland v. Chandler, 3 Stew. 489. Hence it follows that until letters testamentary have issued to him, he can give no assent to a legacy that will pass the legal title, nor bind the estate which he represents; for his authority is not with us, as in England, derived solely from the will, but from his letters testamentary. Applying these general rules to the bill and the proof, it is clear that the complainants, whatever may be their ultimate rights, cannot recover in this suit:

The bill alleges the making of the will, and shows the character of the legacies. It also is averred that the will was admitted to probate, but the bill does not allege that letters testamentary were ever taken out by the executrix, or that letters of administration were ever granted to any one; nor, indeed, that the executrix ever assented to the legacy. The proof too wholly fails to show that letters testamentary or of administration were ever granted upon the estate of the testator. Under such allegations and proof no relief can be had, for the legal title to the property is not before the court, and no binding decree can be rendered in reference to it. Nor is the view we have taken of this case inconsistent with the case of Vanderveer v. Alston et al. (16 Ala. 494.) In that case the legal title was before the court, and the decree was binding on the administrator as well as the distributees. We are entirely satisfied, that according to the well settled principles of equity, no relief can be granted in this suit, neither according to the bill, nor the proof.

The decree must therefore be reversed and the bill here dismissed; but it will be without prejudice to another suit properly brought.