# Hanrick *v.* Walker.

*Bill in Equity to enforce Vendor's Lien for Purchase-money of Land.*

1. *Vendor's lien ; when not waived or lost.* — A vendor's lien for the unpaid purchase-money of land is not lost or waived by taking personal security on the notes for the purchase-money ; nor by a subsequent substitution of a bill of exchange, with the same parties, for one of the notes.

2. *Same ; who may enforce.* — On the death of the vendor, and the final settlement of his estate, his sole heir and distributee may maintain a bill to enforce the lien.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. B. B. McCRAW.

The bill in this case was filed by Edward G. Hanrick, the appellant, as the sole heir-at-law and distributee of Edward Hanrick, deceased, against Mrs. Mary E. Walker, and sought to enforce a vendor's lien for the unpaid purchase-money of land, which had been sold to the said defendant by said Edward Hanrick in his lifetime. The chancellor dismissed the bill, on demurrer, for want of equity ; and his decree is now assigned as error.

W. H. BARNES and W. C. McIVER, for appellant.

N. S. GRAHAM, *contra.*

B. F. SAFFOLD, J. — The bill was to enforce the vendor's lien upon land. It was dismissed, on demurrer. The appellant, as complainant, alleged that he was the heir-at-law and sole distributee of Edward Hanrick, deceased, whose estate had been finally settled. The decedent had in his lifetime sold to the appellee the land in question, and had taken her three promissory notes, signed also by J. F. Jackson, for the purchase-money. These notes expressed that they were given for the land. The note first due was afterwards taken up, and a bill of exchange given in lieu, drawn by Jackson on Mrs. Walker, and accepted by her. Jackson had died, and his estate was insolvent. The complainant did not know what title, or evidence thereof, the vendor had given to the defendant. The notes had become his property in the manner stated, and they were a lien upon the land. He prayed that they might be so declared, and the property be sold for their payment. The

grounds of demurrer are: 1st. The bill is devoid of equity. 2d. It does not show a lien on the land for the purchase-money, but rather that there is none for the bill of exchange. 3d. No right, title, or possession in the complainant's intestate is shown. 4th. The right of the complainant to the notes, or the bill of exchange, is not made to appear. 5th. Nor that he has not an adequate remedy at law.

If the appellant proves his case as stated by him, he is entitled to the relief he seeks, unless the defendant sustains some answer in avoidance. Generally, the lien of the vendor exists; and the burden of proof is on the purchaser to establish that, in the particular case, it has been intentionally displaced, or waived, by the consent of the parties. If, under all the circumstances, it remains in doubt, then the lien attaches. Taking additional security does not necessarily release it, and it follows the debt until it is paid or extinguished, or the lien is released by the contract of the parties. 2 Story's Eq. Jur. §§ 1224, 1226; *Bozeman* v. *Ivey,* at January term, 1873. The sole heir and distributee of the vendor would succeed to the notes and bill of exchange, on the final settlement of his estate. That an important interest in the land was sold is attested by the price agreed to be paid.

The decree is reversed, and the cause remanded.