# Marshall *et al. v.* Gayle *et al.*

### Bill in Equity to enforce Vendor's Lien, &c.

1. *Distribution; part husband takes in wife's personalty; parties to bill for dis-
tribution.*—Where husband and wife sell lands of her statutory estate, taking
notes for the purchase-money, her estate is thereby converted into personalty,
and her husband, on her death intestate, takes one-half absolutely; and where
the wife's distributees seek to enforce the vendor's lien and a decree for the
amount of the notes, they are not entitled to relief—though a case proper for
distribution direct, without administration on the wife's estate, be shown—if
the bill showing the husband survived the wife, fails to make him a party;
and the objection may be raised for the first time in the appellate court.

2. *Same; when distributees can not maintain bill for distribution.*—Where, in
such a case, administration was had on the wife's estate, which is declared in-
solvent, and the administrator settles and resigns, nothing further being done
in the administration, the distributees directly can not maintain such a suit;
and the fact that they are too poor to cause further administration or take out
letters for that purpose, can not dispense with the necessity for administra-
tion, and having those interested in the estate properly before the court.

APPEAL from Chancery Court of Dallas.

Heard before Hon. CHARLES TURNER.

The appellees, who are the heirs at law of Mrs. Mary L.
Gayle, filed this bill against one Marshall, who had purchased
lands of the statutory estate of said Mary, giving his notes
for a part of the purchase-money, and against one Shields,
surviving partner of a firm, to which, it is alleged, the

[Marshall et al. v. Gayle et al.]

husband, without the wife's consent, transferred the notes in satisfaction of a debt, for which it is alleged she was not bound. The bill prayed a decree in complainant's favor for the amount of the notes, and that a vendor's lien be enforced on the lands for their payment. On hearing on pleading and proof, the chancellor decreed the relief sought, and this decree is assigned as error.

The facts of the case are thus stated by Mr. JUSTICE MANNING:

Mrs. Mary L. Gayle, mother of the appellees, being in possession of a tract of land, as her statutory separate estate, jointly with her husband, Reese D. Gayle, sold and conveyed it, with their warranty of title, to appellant, Marshall, in 1871, for $7,000. Of this price, the sum of $4,000 was paid in cash; and for the rest, two promissory notes for $1,500 each, and interest, were a few days afterwards executed by Marshall and a surety for him, and made payable at the Southern Bank of Alabama, one and two years afterwards, respectively, to the order of Milhouse & Shields, commission merchants of Mobile. The notes were made payable and delivered to them, in order to discharge other property of a mortgage in their favor, which Mrs. Gayle and her husband had previously executed. The property so mortgaged was of her separate estate, but whether of her statutory or equitable separate estate, does not appear. The first due of the said two notes, was paid by Marshall to Milhouse & Shields, and the other was transferred by them to their successors, Milhouse, Shields & Mooring, and passed from them to their successors, Shields & Mooring, and is still unpaid.

In the meantime, early in 1872, Mrs. Gayle died, leaving her children, the appellees in this cause, some of whom are minors, and her husband, Reese D. Gayle, her surviving; and leaving also considerable property other than that which is the subject of this suit. The bill alleges, and the answers admit, that she died intestate. Administration of her estate was granted to William Miller in March, 1872; who, about a year afterwards, reported the estate insolvent, made settlement of his administration and resigned; after which, there had been no other administrator before or when the bill in this cause was filed in August, 1874.

Complainants are the five children of said Mary L. Gayle, deceased; and the defendants are Marshall, the purchaser of the land, and William B. Shields, as surviving partner of the firms above mentioned, of which he had been a member. The surviving husband, Reese D. Gayle, was not made a party; nor was any of the other persons that claimed to be creditors of the estate.

[Marshall et al. v. Gayle et al.]

. Among other things, the bill alleges that Marshall's notes were made payable and delivered to Milhouse & Shields for the payment of a debt of Reese D. Gayle to them, without the consent or knowledge of his wife; that she was greatly dissatisfied with and never ratified that particular of the transaction, and that there were no valid debts against the estate and it was not insolvent; all of which allegations are controverted. Complainants further say that they are too poor to give the bond necessary to enable any of them to become administrator, or to procure any other person to accept that office. And they pray that the court will decree to them the amount of the two notes that were given for the land, and a vendor's lien on the land to be enforced for the payment of the amount yet due from defendant Marshall.

JOHNSTON & NELSON, and SATTERFIELD & YOUNG, for appellants.—Mrs. Gayle's husband was an indispensable party. He was entitled to one half of the proceeds of the notes.— R. C. § 2379; McMaken v. McMaken, 18 Ala. 576. The administrator of Mrs. Gayle should have been made a party.— 38 Ala. 64. After citing the various decisions on the subject, they contended that the only exception to the rule dispensing with administration, &c., is that "a court of equity will protect the possession of the distributees, or perhaps entertain a bill for distribution, where the distributees are in possession, or there is no adverse holding," but the active powers of the court can, in no case, be invoked by distributees to reduce the assets of the estate into possession, against an adverse holder. Here complainants seek to collect a debt, but there is no prayer for distribution or a settlement of the estate.

R. J. BOYKIN, contra.—There was no necessity for an administration. The decree of insolvency does not prove the existence of valid debts against the estate, but only fixes its status between the administrator and creditors.—30 Ala. 478. There were no debts which could bind Mrs. Gayle's statutory estate. The heirs could maintain this suit.—Knight v. Blanton, 51 Ala. 333.

MANNING, J.—Through the sale of the land by Mrs. Gayle and her husband, to Marshall, for the money and notes given by him therefor, that part of her real property was converted into personalty. And the bill proceeds upon the idea that the complainants are entitled to all of this, in her stead. But, in the first place, there is nothing to show that the proceeds of the land sold to Marshall were not

properly invested for the benefit of Mrs. Gayle, in being made payable to Milhouse & Shields to discharge the property of her separate estate—perhaps of her equitable separate estate—from the mortgage to them; and, secondly, according to statute law, "if a married woman, having a separate estate, die intestate, leaving a husband living, he is entitled to one half of the personalty of such separate estate, absolutely, and to the use of the realty during his life.—R. C. § 2370. It is the statutory separate estate that is here referred to. And it follows, that there could be no recovery of the money sued for, in this cause, for the distributees of the estate of Mrs. Gayle, if such a suit were maintainable at all, unless the principal distributee, Reese D. Gayle, or the transferree of his share, if it has been transferred, were made a party to the suit. This not having been done, and no reason being shown for the omission, complainants, although there is no demurrer for that cause, could not be entitled to a decree in their favor. They claim the whole of a fund, while disclosing that another person, who is not made a party, plaintiff or defendant, has as good a title as theirs, to one half of it.

But this suit cannot be maintained, at all, by the distributees directly. The estate of Mrs. Gayle has been reported and declared insolvent, and is subject to administration as such. A list of the claims against it, was set forth with the report. So that not only are these credits to be collected from debtors, if the notes on which the present suit is founded be credits of the estate, but there are persons claiming as creditors, to be entitled to payment from the estate of debts due from it to them. It is only by an administrator, who succeeds to the title which was in Mrs. Gayle at her death, that the business of an estate so involved can be conducted, its assets be gotten in, its debts be ascertained, and distribution be made.

There are, it is true, decisions of this court, all of which are referred to in *Fretwell v. McLemore*, (52 Ala. 124) from which it appears that there may be exceptional cases, in which a court of equity will permit the distributees of an estate to maintain a suit in respect to their interests in it, without requiring the appointment of an administrator. But, "the rule, to be extracted from these decisions, is, that a court of equity will dispense with administration and decree distribution directly, when it affirmatively appears that if there was an administrator, the only duty devolving on him, would be distribution." Such is not the case presented by this record. It comes under the general rule applied by this court in *Gardner v. Gantt* (19 Ala. 658). And the legal

requirement, that there must be an administrator for the settlement of an estate, in and concerning which there are so many contrariant and conflicting interests and claims, cannot be obviated by the difficulty complainants may have to encounter in procuring his appointment.

We are compelled to hold that the decree of the Chancellor must be reversed, and the bill be dismissed. But the dismissal is without prejudice to the bringing of another suit about the same matter.