# Costephens *et al. v.* Dean *et al.*

*Bill in Equity by Distributees to enforce a Vendor's Lien for unpaid Purchase-money of Land sold by Decedent.*

1.—*Interest of legatees or distributees in personal assets.*—Distributees or legatees have no title to the personal assets of a decedent's estate, and are not appointed by law to demand or receive them. All their interest is secondary, and is capable of conversion into unqualified ownership only through the process of administration.

2. *Right of legatees or distributees to sue in respect to personal assets.* In respect to such assets, distributees or legatees, as a general rule, can not sue any other person than the executor or administrator, because there is a want of all proper privity between them and persons who may have possession of personal assets, or may have converted them, or, when the assets are in the form of debts, between them and the debtors.

3. *Same.*—There are exceptional cases, however, in which this court, venturing beyond established precedents and decisions, has dispensed with the presence of a personal representative, and permitted the next of kin to sue, or distribution to be made to them directly; but in each of these cases there existed some special facts, indicating clearly that there was no necessity for an administrator, that if one was appointed, his only duty would be to receive with one hand, and with the other make distribution; or that without administration, the parties in interest being adults, had made division themselves.

4. *When distributees can not maintain bill in equity to enforce vendor's lien.*—But where the decedent was, at the time of his death, an adult citizen of this State, his distributees can not maintain a suit in equity to enforce a vendor's lien for unpaid purchase-money of lands sold by him, upon the sole averment that he died about thirteen years before the filing of the bill, leaving no debts, and that no administration had ever been had upon his estate.

5. *Bill by distributees in respect to personal assets ; when widow should be made a party.*—If such a suit could be maintained by distributees, the widow, being entitled to share in the personal assets, should be made a party to the bill; and the failure to make her a party is fatal on demurrer to the complainants' right of recovery.

APPEAL from Etowah Chancery Court.

Heard before Hon. H. C. SPEAKE.

The bill in this cause was filed on 8th March, 1879, by the appellants, as the only heirs at law of William C. Costephens, deceased, againt the appellees, to enforce a vendor's lien for an unpaid balance of the purchase-money for certain lands, which William C. Costephens sold and conveyed in his lifetime. The complainants aver in their bill that "their father, William C. Costephens, departed this life in Alabama some time during the year 1866 or 1867, and left surviving him, as his heirs at law and all his heirs at law, your complainants, and that their

25

said father died intestate, and there has never been any administration on his estate, and that he left no debts, and there is no necessity for an administration." Two of the complainants were minors when the bill was filed. The appellees answered the bill, and incorporated in their answer a demurrer, the grounds of which are, (1) that the bill should have been filed by the personal representative of complainants' father; (2) that the bill does not show any right in the complainants to file it; and (3) that the widow of the intestate should have been made a party defendant. On the hearing, had upon the demurrer, a motion to dismiss the bill for want of equity, and upon proof, the Chancery Court entered a decree overruling the demurrer, but dismissing the bill on the facts disclosed by the evidence. The view taken by this court on the questions raised by the demurrer, renders unnecessary a fuller statement of the case made by the record. The decree dismissing the bill is here assigned as error.

DENSON & DISQUE, for appellants.

AIKEN & MARTIN, and JOHN W. INZER, contra.

BRICKELL, C. J.—The bill is filed by the appellants, as the next of kin of William C. Costephens, deceased, entitled to distribution of his estate, to enforce a lien on certain lands for the payment of promissory notes given for the purchase-money thereof by one Green, payable to said William C., who in his life bargained, sold and conveyed the lands to said Green. The primary question is, whether the appellants are entitled to maintain the suit, or whether it should have been instituted by an administrator of said William C. who is averred to have died about thirteen years before the filing of the bill, leaving no debts.

As a general principle, the law recognizes an executor or administrator as the only representative of the personal assets of a decedent. His title to them is exclusive, and whatever may be the lapse of time intervening between the death of the owner and the grant of letters of administration, or letters testamentary, the title relates to the death, and he may maintain suits to reduce them into possession, whether they were at the time of the death, choses in action, or were subsequently taken and converted.—1 Brick. Dig. 932, §§ 261–64. In trust he holds them, first for the payment of debts, and secondarily, in cases of intestacy, for distribution to the next of kin, or where they have been bequeathed, for the benefit of legatees. The trusts are charged upon the legal title, and that resides solely and exclusively in the personal representative, until dis-

[Costephens et al. v. Dean et al.]

tribution is made, or by an assent to legacies, he may part with it.

In the subject-matter of a suit involving the personal assets, distributees or legatees have an interest differing only in degree from that of creditors. In respect to such assets, however, they can not generally sue any other person than the executor or administrator, because there is a want of all proper privity between them and persons who may have possession, or may have converted them, or when the assets are in the form of debts, between them and the debtors. They have no title to the assets, and are not appointed by law to demand or receive them; all their interest is secondary, and is capable of conversion into unqualified ownership, only through the process of administration. To support an action at law, or a bill in equity, the plaintiff must have more than an inchoate, qualified interest in the subject-matter of suit. Borrowing the appropriate language of Mr. Daniell, "a bill must not only show that the defendant is liable to the plaintiff's demands, or has some interest in the subject-matter, but it must also show that there is such a privity between him and the plaintiff, as gives the plaintiff a right to sue him; for it is frequently the case, that a plaintiff has an interest in the subject-matter of the suit, which may be in the hands of a defendant, and yet, for want of a proper privity between them, the plaintiff may not be the person entitled to call upon the defendant to answer his demand." An illustration or an instance of the rule he mentions, is of an unsatisfied legatee having an interest in the personal estate of his testator, a clear equity to compel its due administration, and yet, is without right to institute suit against the debtors to his testator's estate for the purpose of compelling them to pay their debts, that they may be applied in satisfaction of his legacy; "for there is no privity between the legatee and the debtors, who are answerable only to the personal representative of the testator."—1 Dan. Ch. Pr. 322. In *Gardner v. Gantt*, 19 Ala. 666, it was said by DARGAN, C. J.: "The distributees or next of kin can maintain no suit, either at law or in equity, for the mere purpose of distribution, until letters of administration have been duly granted upon the estate of the deceased. This principle is well settled by authority, but even without decided cases, no other rule could obtain, for the reason that the law casts the title to all the personal estate of the decedent upon his personal representative. It is true, that he holds the title as trustee to pay the debts, in the first instance, and then to make distribution according to the statute amongst those entitled. But until letters of administration have been granted, the legal title can not be brought before the court, and, therefore, it can not be bound by a decree, nor can the

court see that the trusts have been executed. For instance, if the next of kin should file their bill for distribution, and a decree should be rendered, it could not bind the administrator who might be afterwards appointed; nor would such a decree afford the slightest protection to those against whom it might be rendered, as against the claims of the administrator." In the later case of *Dugger v. Tayloe,* 60 Ala. 504, it is said: "The general rule in a court of equity is, that neither creditors, nor distributees, nor legatees, can maintain a bill against debtors of an estate, to subject debts they may owe to the satisfaction of their demands. There is a want of privity between them and the debtors, and it would introduce confusion in the administration of the assets, and displace the power of the personal representative. There are exceptions to the rule; as where there is collusion between the debtors and the personal representative; or, where he is insolvent, and there is just apprehension of loss, if he is permitted to collect them; or, as is said by Chancellor KENT in *Long v. Magestre,* 1 Johns, Ch. 306, where there is some other special case not exactly defined." In *Marshall v. Gayle,* 58 Ala. 284, the bill was filed by distributees, as is this bill, to enforce a lien on lands for the payment of promissory notes given for the purchase-money, upon an averment that there was no personal representative, that there were no valid debts against the estate, that they were too poor to give the necessary bond for administration, and were not able to procure any person to take administration. The estate had been reported insolvent by an administrator in chief, who had resigned, and it was apparent there were claims against the decedent, the validity of which was disputed. It was said by MANNING, J., that "it is only by an administrator, who succeeds to the title which was in Mrs. Gayle at her death, that the business of an estate so involved can be conducted, its assets be gathered in, its debts be ascertained, and distribution be made."

There are exceptional cases, in the words of Ch. KENT, "special cases not exactly defined," in which this court, venturing beyond established precedents and decisions, has dispensed with the presence of a personal representative, and permitted the next of kin to sue, or distribution to be made to them directly. Many, if not all, of these cases are collected and referred to in *Fretwell v. McLemore,* 52 Ala. 124. In each of them there existed some special facts indicating clearly that there was no necessity for an administrator—that if administration was taken, the only duty resting upon an administrator would be to receive with one hand, and with the other make distribution; or without the intervention of an administration, the parties entitled, being adults, had made division of them. In several of the cases the decedents were persons not *sui juris,* infants, or

married women, their inability to contract adding strength to an averment that there were no creditors whose rights were endangered. In *Fretwell v. McLemore, supra*, the decedent was a citizen of Georgia, never having resided in this State, and *prima facie*, there were no creditors in this State, whose rights it was the duty of the court to protect. Another feature of these cases, distinguishing them from the present is, that the settlement of the estates, of which the decedent was one of the distributees, was the subject-matter, to which distribution was an incident, and it was decreed directly. In courts of law, wherever the legal title is necessary to support an action, the presence of a personal representative in whom it is vested, has been invariably required.—*Miller v. Eatman*, 11. Ala. 609.

All cases in which distribution of personal assets is permitted without an administration, or in which next of kin, or legatees are permitted in their names to sue directly for their recovery, are exceptional. There is a departure from the general principle, that the legal title to the estate resides exclusively in the personal representative, and he only can maintain suits for their recovery. In all such cases there is peril, more or less remote, in obeying the decree rendered in favor of the next of kin. For, if there should be subsequently a personal representative appointed, he would not be bound by the decree—it would not be evidence against him. The parties who had yielded to and obeyed the decree, would be compelled to double vexation, and possibly a double payment, unless they could protect themselves by proving the affirmative facts which authorized the recovery by the next of kin.—*Gardner v. Gantt, supra*. While we have no intention to depart from, or modify the former decisions on this question, we are unwilling to extend them to a case like the present, in which the decedent was an adult citizen of the State, and his next of kin seek, in their own name, to recover his personal estate upon the sole averment, that there are no debts against the estate; an averment which is supported only by the presumption sought to be deduced from the fact that a number of years have elapsed since his death, and administration has not been taken. There may be debts existing against him which do not fall within the bar of the statute of limitations, defaults as executor, or as administrator, or in some other fiduciary capacity, or debts payable on a contingency, the contingency not happening on which they are payable until a very recent period. He had the capacity to incur such debts, and it can not be affirmed with certainty that they do not exist. If they should exist, until by the lapse of time there would be a presumption of payment of the debts now preferred as owing the decedent, these appellees would be in peril of vexation of

suit, and of a legal recovery by a personal representative, against which a decree in the present suit, and performance of it could not protect them. The case is without the exceptional cases in this court, in which next of kin have been decreed distribution in the absence of a personal representative, or have been suffered to recover the personal assets in their own names. It is distinguishable from *Hanrick v. Walker*, 50 Ala. 34, in which, on final settlement, the personal representative had distributed to the sole next of kin, evidence of debt, upon which the latter was allowed to sue in his own name. The distribution invested him with the absolute title, legal and equitable.

There is yet another feature of the case, which would, in its present condition, be fatal to the plaintiffs' right of recovery. The widow of the intestate is entitled to share with them in the distribution of the assets, and she is not made a party in any capacity. The omission to make her a party defendant, which is her true relation, perhaps, in view of the peculiar facts of the case, is a special cause, of demurrer to the bill.

There are many questions of importance, and not without difficulty, touching the merits of the controversy, upon which an expression of opinion would be manifestly improper until they are presented by proper parties. There was no error of injury to the appellants in the decree dismissing the bill, and it must be affirmed.