Summers, J.
Considerable space in the briefs of counsel is given to a consideration of the questions whether the credit of the date 1887, in the absence of any evidence tending to prove when or by whom it was made, saved the action on the note from the bar of the fifteen year statute of limitation, and whether the endorsement of that credit on the note operated as an allowance of it as a claim against the estate of J. B. Daily by his administrator.
It is not necessary to determine either question. The 'first because it is not raised either by demurrer or answer, and the second because there is no evidence that Schaden was administrator of the estate *262 of Daily or that he made this payment upon the note, and for the further reason that the case is disposed of on other grounds.
Nor is it necessary to consider whether- the stat-, utes of limitation pleaded by the answer are a bar, because it does not appear that the note ever was presented as a claim against the estate of Daily to the administrator de bonis non by any one to whom the administrator legally might have paid it.
In Williams on Executors (7 Am. ed., 775) it is said: “It may be stated, that, both at law and equity, the whole personal estate of the deceased vests in the executor or administrator.” And (765) that: “The interest which an executor or administrator has in the goods of the deceased is very different from the absolute, proper, and ordinary interest which every one has in his own proper goods: for an executor or administrator has his estate as such in auter droit merely, viz., as the minister or dispenser of the goods of the dead.”
In Woemer’s American Law of Administration (2 ed.), sec. 199, it is said that the.necessity of administration arises out of the common law doctrine that the personal property of the decedent descends to the executor or administrator and that this doctrine is recognized substantially in all the states except Louisiana; and further: “The direct consequence of this principle of the law is, that without due course of administration the claims of creditors cannot be lawfully satisfied, and neither heirs nor legatees can obtain a legal title to their legacies or distributive shares; and that neither devisees nor heirs can hold the real estate to which they succeed free from the claims of creditors of the deceased, against whom limitation does not, in some states, run after the *263 debtor’s death, until there be lawful administration of his estate. Another consequence is, that the payment of debts to the deceased can be coerced by no one but the lawfully appointed executor or administrator, even in equity, because there is no privity between the debtors and any person other than the legal representative. -He stands as the representative of those interested in the devolution of the personalty of the deceased, including creditors of the estate as well as legatees and distributees.”
The statutes and decisions in this state both accord with the above statement of the law.
Section 5994, Revised Statutes, provides that upon the decease of any inhabitant of this state, letters testamentary, or letters of administration on the estate, shall be granted by the probate court of the county in which the deceased was an inhabitant or resident at the time of his death; and when any person shall die intestate in any other state or country, leaving any estate to be administered within this state, administration thereof shall be granted by the probate court of any county in which there is an estate to be administered. Section 6007 provides for the appointment of a special administrator to collect and preserve the effects of the deceased when from any cause there shall be a delay in granting letters testamentary or of administration. Section 6014 provides that administration shall not be originally granted as of right after the expiration of twenty years from the death of the testator or intestate, but provides that the probate judge shall, have power as well after as before the expiration of said period of twenty years to grant letters of original administration on good cause shown. And section 5997 provides that if the executor is resid *264 uary legatee the probate court may in a measure dispense with the general administration upon his giving bond to pay all the debts and legacies of the testator.
In Clark v. Boyd, 2 Ohio, 56, the facts are, that Boyd gave a promissory note to one Pierce. After the death of P, the note was found among his papers, endorsed by him to Clark. The executor supposing it to be the property of 0 did not inventory it as a part of the estate of P but delivered it to O. The court ruled, in substance, that the assignment without delivery, when no contract of sale was proved, was a mere nullity, that the title vested by the death of P in his executors and a delivery without assignment by them to C did not vest the title in C.
In Lewis v. Eutsler et at., 4 Ohio St., 354-360, the question was, whether the descent of the personal estate of a decedent was affected by a statute passed while the estate was in the course of settlement, and Ranney, J., in the opinion said: “When Perkey died, the legal title to all his personal property vested in his personal representative. ' He alone could sue for and recover it, and convert it into money. It vested in him, it is true, as a mere trust estate, for the benefit of creditors and distributees.” And this case is cited by him in support of his contention that such is the law in Davis et al. v. Corwine & McGuire, Exrs., 25 Ohio St., 668, where it is expressly ruled that: “The heirs of an estate cannot, even after settlement by the administrator, and where there are no outstanding debts, maintain an action in their own names to recover possession of assets belonging to the estate, or to compel the executors of a party who had a life interest in such assets, and has wrong *265 fully disposed of them by will, to account for tbe same.”
In Chappelear v. Martin, 45 Ohio St., 126, the suit was brought by Martin as administrator of the estate of a Mrs. T to foreclose a mortgage made by C to secure certain notes given by him to her, and made payable to her or bearer. She was in ill health and did not expect to live long and by her direction the notes were made payable to her or bearer upon the assumption that in the event of her death they might be collected by her husband without the trouble and expense of administration. She died intestate shortly thereafter and C paid a large amount on the notes to the husband. The administrator was appointed about eight years after her decease, and it was decided that: “Where a note was taken by a wife payable to herself or bearer, with the design that, in case of her death, it might be collected by her husband without the expense of administration, the fact that after her death it was presented by him to the maker, who paid it, supposing that the husband, by reason of the intention of tbe wife at tbe time tbe note was executed, was entitled to receive payment, will not constitute a defense as against tbe administrator of the wife’s estate, ’ ’ on the ground that any agency she may have conferred on her husband in her lifetime to collect the notes was revoked by her death and that the title on her death passed to the administrator. In Sommers v. Boyd, Treas., 48 Ohio St., 648-658, Williams, C. J., quotes with approval the statement of Parker, C. J., in Jewett v. Smith, 12 Mass., 310, that “The property may be considered in abeyance until administration is granted, and is then vested in the administrator by relation from the time of the death. ’ ’ And based upon that, this court there *266 held, that “When administration is granted upon the estate of a deceased ward, the assets vest immediately in the administrator, whose title, hy relation, dates back to the time of the decease. ’ ’
In Presbury v. Pickett, 1 Kan. Ct.. of App., 631, it is decided that: ‘ ‘ The right to maintain an action on a promissory note belonging to the estate of a deceased person is vested in the personal representative of the deceased, and not in his heir at law.”
And in a well considered case in Alabama, Costephens et al. v. Dean et al., 69 Ala., 385, it is decided that: “Distributees or legatees have no title to the personal assets of a decedent’s estate, and are not appointed by law to demand or receive them. All their interest is secondary, and is capable of conversion into unqualified ownership only through the process of administration.”
Woerner, section 201, refers to quite a number of states in which exceptions to the general rule are made in equity, holding administration unnecessary where there are no debts of the estate, and only distribution to be made to those entitled, but this is not an equitable action and there is no proof that there are no debts. so that it is unnecessary to consider whether there may be exception's in this state.
The plaintiff below having failed to prove title in herself to the note, the finding and judgment in her favor are not sustained by the evidence and the judgments of the circuit court and of the court of common pleas are reversed.

Judgments reversed.

Davis, C. J., Shattck, Price and Síear, JJ., concur.