## Pelfrey v. Gross et al.

Oct. 29, 1943.

Ollie James Cockrell for appellant.

Moss Noble for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Alfred Gross and Sarah Gross were husband and wife. There were born to them six children, some of whom survived their parents, whilst others died prior to their parents, leaving children surviving them. The appellant, and plaintiff below, Ida Pelfrey, survived both parents. Her mother, Sarah Gross, died in 1922, and her father died intestate in 1937, thus surviving his wife fifteen years. Shortly after the death of his wife Sarah, Alfred Gross married the second time and moved from his home in Breathitt County to the home of his wife in Perry County where he continued to reside until he separated from his second wife in 1934, three years be-

fore his death. There were also some children born of his second marriage. After the separation Alfred Gross returned to his old home, or in its neighborhood, and lived there until he died.

On January 15, 1932, he conveyed three parcels of his landed estate, one to his grandson, Abner Gross, Jr., one to his brother, Sam Gross, and one to his brother, William Gross. Whether or not those conveyances disposed of all of his real estate to which he then held title is not disclosed by the record. On March 16, 1937, plaintiff filed this action in the Breathitt Circuit Court against defendant, Abner Gross, Jr.—her nephew, and grandson of her father, and also a vendee of one of the deeds executed by her father—seeking to set aside the deed to her nephew on the ground (1) that her father at the date of its execution was mentally incapacitated to enter into any such transaction, and that her nephew and her two uncles—who were vendees in the deeds executed to them, had conspired to and did unduly influence her father to execute all three of the deeds; however, she did not seek cancellation of the other two deeds executed at the same time, but only the one executed to her nephew, the appellee. She furthermore averred that her nephew, the appellee, paid no consideration for the deed made to him. She then alleged that some short while preceding the death of her mother in 1922, her parents made a parol division of the landed estate of her father among the children born to the first wife, and that she was allotted a parcel of the entire real estate and put in possession of it which she described in her petition, and which is the same tract that her father conveyed in 1932 to the appellee. She, therefore, prayed that she be adjudged the owner of that parcel so conveyed to the defendant, and that the deed which her father had executed to him be cancelled and held for naught. Her petition was later amended by making all of the heirs of her father parties to the litigation, alleging that the parol division was followed up by the execution of deeds to some of her brothers and sisters pursuant thereto.

The answer of defendant denied all of the material averments of the petition, except it was admitted that one of the sisters of plaintiff, Mrs. Berry Combs, did receive a deed from her father to a small parcel of his land lying next to his home place whereon was located his residence. Proof was taken by deposition and on submission

the court dismissed plaintiff's petition, to reverse which she prosecutes this appeal.

It will be observed that plaintiff does not claim title to the contested parcel of land by adverse possession, but only by parol gift from her father; but she did not show continuous occupancy thereafter under a claim of title for the statutory period of fifteen years. So that in no event could she rely on adverse possession. As an heir of her father she, no doubt, could maintain the action in so far as it sought a cancellation of the deed to the defendant, on the ground of mental incapacity or undue influence, by making the other heirs parties to the action, which she did by amended petition.

On the issue of mental incapacity and undue influence considerable proof was taken. It disclosed that Alfred Gross by persistent industry had acquired some three or four hundred acres of land on War Creek in Breathitt County and before the death of his first wife in 1922 he permitted some of his children, including the plaintiff, to settle on certain portions of it but under terms by which they attorned to him and paid compensation in the way of portions of crops raised, or monetary consideration, and which applied to the tract of land in controversy which plaintiff and her family occupied, after her father's second marriage and removal to Perry County. The proof, so far as we have been able to ascertain from the record, indisputably shows that the only deed Alfred Gross ever executed to any of his children was the one to his daughter, Mrs. Berry Combs, for a small parcel of land adjacent to vendor's residence, and which was because the first Mrs. Gross had become an invalid before her death and Mrs. Combs—in part consideration, at least, of the conveyance to her—agreed to nurse and care for her mother and look after her father's household, which she did. No other deeds to any of the other children were ever made.

The plaintiff and her witnesses attempted to show that her father's mind was affected at the date of the execution of the deed (1932) to appellee, to the extent of disabling him from entering into such a transaction, but the facts detailed as a foundation for that opinion of the witnesses fell far short of establishing the principal fact of his mental incapacity as measured by the law. On the contrary, the draftsman of the deed, the vendees in all three deeds executed at the same time, and a number of

neighbors who had gathered in to witness the transfers testified that at that time (January 15, 1932) appellant's father was in full possession of his mental faculties and knew exactly what he was doing. Furthermore, it was proven and undenied that on subsequent occasions, on some of which he exhibited money, he stated that he had sold the land conveyed by his deeds and that the exhibited money was the proceeds of such sales. The witnesses testifying to such statements also said that on those occasions Alfred Gross was in full possession of his mental faculties. However, after he separated from his second wife, and following his return to Breathitt County without her or any of his children by her, he grew morose and despondent and exhibited indications of mental impairment; but which appeared and became manifest after his separation from his wife and his return to Breathitt County, more than three years following the execution of the attacked deed.

It is our conclusion that the evidence largely preponderates in favor of sufficient mentality on the part of the vendor at the time of his conveyance to appellee, and defendant. Likewise no undue influence is shown and the chief argument in support of that charge is, intimate relationship between plaintiff's father and his grandson, the appellee, by which it is contended that a confidential relationship existed between them, thus affording an opportunity only for the exercise of undue influence. The testimony in the case, however, does not support any such relationship as to call for the application of the rule in such cases. However, if the evidence was otherwise it is clearly shown that no such influence was exercised. On the contrary appellee, and defendant, paid, or agreed to pay, $800 for the tract of land conveyed to him, a part of which he has paid and the balance is evidenced by a note. The court appraised the testimony the same as we have indicated and dismissed the petition. In doing so it found that neither mental incapacity nor undue influence operated on the vendor in the execution of the attacked deed and under the prevailing rule we are not authorized to disturb that finding, unless we entertain more than a doubt of its propriety. We do not entertain even a doubt of the correctness of that conclusion by the trial court, but on the contrary we are firmly convinced that the testimony preponderates in support of that conclusion. That being true, plaintiff has no interest in the tract of land she seeks to acquire by this action as an heir

of her father, and having failed to prove title in any other manner her petition was properly dismissed.

Wherefore, the judgment is affirmed.