**YOUNG v. POWELL.**

No. 12483.

United States Court of Appeals
Fifth Circuit.

Jan. 10, 1950.

Richard T. Rives, and John C. Godbold, Montgomery, Ala., Joseph R. Bell, Hayneville, Ala., for appellant.

John O. Harris, Montgomery, Ala., for appellee.

Before HUTCHESON, Chief Judge, McCORD and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

While other errors are assigned and urged, the primary insistence of appellant is that the district judge erred in not dis-

missing the suit upon defendant's motion [1] and in holding that plaintiff, one of several legatees, had the right, without joining as plaintiffs the other legatees and a representative of the estate, to sue alone for the cancellation of deeds, instruments, and acts of gift to defendant, made and done by decedent to the injury of her estate.

The matter comes up in this way. Appellee, plaintiff below, a citizen of Maryland, suing as one of the residuary legatees of Mrs. Low, who died in June, 1947, and without joining other legatees or a representative of the estate, brought this suit in the federal court against appellant, a citizen of Alabama, also a residuary legatee and the executor under her will, to set aside gifts of cash and of land the decedent had made to him in October, 1942, and December, 1944, respectively.

Setting out the names, residences, and relationships [2] of the other legatees and beneficiaries under the will, and alleging that the gifts of lands and cash were void for undue influence on, and lack of mental capacity of, deceased, complainant sought a judgment, [3] declaring them null and void, and requiring defendant to account to plaintiff for the moneys, and to pay them to the estate of the decedent for distribution to those entitled under the will.

The defendant moved to dismiss the action (1) because the plaintiff is not the owner of the cause of action sued on, is not the real party at interest and, therefore, not the proper party to bring this suit, and the complaint, therefore, fails to state a cause of action in favor of plaintiff against the defendant; and (2) for want of indispensable parties, Annie Laurie Rugeley, Josephine Powell Richardson, Louise Powell Mitchell, and the personal representative of the estate, who could not be made parties without depriving the court of jurisdiction.

The district judge, agreeing with defendant that the parties named as indispensable would, if made parties, divest the jurisdiction of the court, but, holding that they were not indispensable, [4] denied the motion to dismiss, and the cause came on for hearing on the merits.

1. That, under Alabama law and Rule 17, Rules of Civil Procedure, 28 U.S.C.A., plaintiff was not the real party in interest and, therefore, had neither cause of action nor right to sue; and that the cause should be dismissed for want of indispensable parties whose joinder would oust the jurisdiction of the court.

2. These are: Annie Laurie Rugeley, Texas, a cousin; Josephine Powell Richardson, Alabama, a cousin; Louise Powell Mitchell, Alabama, a cousin; T. Belvin Holly, Alabama, a cousin; Florence Young, Alabama, a stranger to the blood of decedent; Mary Young, Alabama, stranger to the blood of decedent; Noble C. Powell, Maryland, a cousin.

3. After praying that the gifts be held invalid, the prayer went on: "* * * complainant further prays that this Honorable Court will make and enter a decree or order requiring the said Roland W. Young to account to your complainant for the said $44,000.00 and will order and direct the said Young to pay said $44,000.00 to the estate of the said Sarah Irvin Low, deceased, now pending in the Probate Court of Lowndes County, Alabama, for distribution in accordance with the terms and provisions of the last will and testament of the said Sarah Irvin Low; and complainant further prays that this Honorable Court will make and enter a decree or order canceling the purported deed allegedly executed by the said Sarah Irvin Low to said Young; * * *; and that after a final determination of this cause this Honorable Court will cause to be certified to the Probate Court of Lowndes County, Alabama, a transcript of the judgment of this Honorable Court for the guidance and control of the Probate Court of Lowndes County, Alabama, in the matter of the estate of Sarah Irvin Low, deceased. * * *"

4. Stating: "The controversy between the present parties to this action is such that a full and complete adjudication can be had in this court *without adversely affecting* the interest of any of the other parties named in the motion to dismiss as being indispensable parties to this controversy and without having such parties before the court" and that "this court is of the opinion that the present plaintiff is a proper party to bring this cause of action", and that "there are no other indispensable parties to the action". (Emphasis supplied.)

Finding that the gifts of $44,000.00 in money and the deed to the land had been procured by undue influence and that they should be cancelled and set aside, instead, however, of finding defendant indebted to plaintiff and obligated to account to him, the district judge found that he was "indebted to the estate of Sarah Irvin Low, deceased", and ordered him "to account to and pay to the estate the said sum of $44,-000.00 for distribution in accordance with the provisions of her last will and testament".

As to the land, he ordered that the title to it be divested out of defendant and that "the land be and is hereby made a part of the estate of Sarah Irvin Low, and is to pass under the provisions of her last will and testament".

He further ordered that a copy of the decree be certified to the judge of probate of Lowndes County, Alabama.

Appealing from the judgment, defendant is here insisting primarily that it was error to deny his motion to dismiss and proceed to trial and judgment in the case.

To maintain this position, he puts forward several propositions and supports them with many cited cases. (1) In Alabama and elsewhere, unless all parties interested in the final settlement of an estate are before the court as parties to the proceedings, only the personal representative of the decedent has the right and authority to sue for personal property due the estate; a legatee or heir suing alone has no such right.[5] (2) The appellee sought an accounting made to him individually for moneys claimed to be due the decedent and her estate. Such a cause of action belongs to the estate and must be brought by the personal representative, as the real party in interest.[6] (3) In suits brought, as here, for the benefit, and therefore affecting the rights, of residuary legatees or next of kin, all members of a class must be made parties.[7] (4) The estate is vitally interested in the suit, indeed the suit was brought for its benefit. It should in Alabama, since the executor was adverse, have been represented by an administrator *ad litem*, who must be a resident of the state.[8] Finally, presenting the question of appellant's inability to sue from the standpoint of Federal Rules 17, the real party at interest rule, and 19, as to indispensability of parties, he insists that if appellee could have sued in his own name in the state court, he could not do so in the federal court, because in the suit as brought he was not the real party in interest, and because other parties indispensable to the suit were not joined. Because the joinder would have destroyed the requisite diversity of citizenship, he further insists that the district court would have had to dismiss the suit, not for want of federal jurisdiction but for lack of indispensable parties.[9]

5. Mancill v. Thomas, 216 Ala. 623, 114 So. 223; Dugger v. Taylor, 60 Ala. 504, 517; Brown v. Compland, 206 Ala. 124, 89 So. 274; Costephens v. Dean, 69 Ala. 385; 2 Cyclopedia of Fed. Procedure (2nd Ed.) Sec. 2089; McNutt v. Bland, et al., 2 How. 9, 11, 43 U.S. 9, 11, 11 L.Ed. 159; Ex parte Baker, 118 Ala. 185, 23 So. 996; Faulk v. Money, 236 Ala. 69, 181 So. 256; Cook v. Castleberry, 223 Ala. 650, 173 So. 1.

6. Crutcher v. Joyce, 10 Cir., 134 F.2d 809; Baird v. Peoples Bank & Trust Co., 3 Cir., 120 F.2d 1001, 136 A.L.R. 693; Small v. Frick, D.C., 40 F.Supp. 778.

7. McArthur v. Scott, 113 U.S. 340, 5 S.Ct. 652, 28 L.Ed. 1015; Montgomery v. Gilbert, 9 Cir., 77 F.2d 39; Hoe v. Wilson, 9 Wall. 501, 76 U.S. 501, 19 L.Ed. 762;

Pelfrey v. Gross, 295 Ky. 602, 175 S.W. 2d 2; Kentucky Nat. Gas Corp. v. Duggins, 6 Cir., 165 F.2d 1011; Roos v. Texas Co., 2 Cir., 23 F.2d 171.

8. Code of Alabama 1940, Title 61, Sec. 165.

9. Fed. Rules of Civil Procedure, No. 19, 28 U.S.C.A.; Hudson v. Newell, 5 Cir., 172 F.2d 850; 28 U.S.C.A. §§ 1332, 1359; Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413; Keegan v. Humble Oil Co., 5 Cir., 155 F.2d 971; Green v. Brophy, 71 App.D.C. 299, 110 F.2d 539; Vincent Oil Co. v. Gulf Refining Co., 5 Cir., 195 F. 434; McArthur v. Scott, 113 U.S. 340, 5 S.Ct. 652, 28 L.Ed. 1015; Mallow v. Hinde, 12 Wheat. 193, 25 U.S. 193, 6 L.Ed. 599; Shields v. Barrow, 17 How. 158, 58 U.S. 158, 15 L.Ed. 158; State of Calif. v.

Appellee meets these propositions with propositions of his own. (1) A state rule, that the real party in interest must sue, is not binding on the federal court. (2) If forced to go into the county of the residence of the defendant in the state court, the estate and the other legatees would be subject to local bias, and, therefore, he had the right as a non-resident to sue alone in the federal court without joining those whose joinder would defeat jurisdiction. (3) Finally, this is a case falling within the second sentence of Rule 19(b), authorizing the court to proceed without persons as parties, who, though necessary are not indispensable, if their joinder would deprive the Court of jurisdiction of the parties before it, "but the judgment rendered therein does not affect the rights or liabilities of absent persons".

■ We find ourselves in complete disagreement with appellee. The first proposition disregards the fact that Rule 17(a) of the Federal Rules of Civil Procedure, Real Party in Interest, "Every action shall be prosecuted in the name of the real party in interest" is the substantial equivalent of the rule in Alabama and in most of the states.[10]

■ The second proposition in effect that, because of local prejudice, he has a right which he would otherwise have, to sue and recover on a cause of action which is not his but the estate's, or the joint cause of action of all the legatees, is no better taken. He could not sue alone on this cause of action in the Alabama State Court. The fact that he would be met there by prejudice does not give him a right to sue on it in the Federal Court.

■ His final proposition that he can sue for the benefit of the estate and the other legatees and obtain a judgment in their favor is not supported by, it is in the teeth of, the very rule he invokes. This rule, in accordance with established federal jurisprudence, specifically excepts from its operation persons who are indispensable. In addition, even as to dispensable parties, it provides that their rights or liabilities are not to be affected by the judgment.

The cases appellee cites in support of his view,[11] that he may sue alone, are not in point on their facts here. They are all cases where plaintiff sued, not for the benefit of others but for himself, to recover for himself his separate and divisible share. He was not enforcing an indivisible right of an estate or of his co-heirs. Those cases did not hold that a court could proceed in the absence of indispensable parties. They held that because of the separate and divisible nature of the plaintiff's demand in the particular case and the fact that the relief sought could not, and did not affect the rights or liabilities of those not made parties, the cause could proceed to judg-

Southern Pac. Co., 157 U.S. 229, 15 S.Ct. 591, 39 L.Ed. 683; Kentucky Nat. Gas Corp. v. Duggins, 6 Cir., 165 F.2d 1011.

10. Moore's Federal Practice, Vol. 2, p. 2005–2010, where it is said: "The meaning and object of the real party in interest provision would be more accurately expressed if it read: *An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced.*

"A provision similar to Rule 17(a) appeared in the original New York code of 1848. That provision has served as a model for much state legislation. And the provision, found quite generally in modern codes and rules, has received extensive interpretation, by the federal equity courts in construing the real party in interest provision in Equity Rule 37, by the federal courts at law in applying state real party in interest statutes pursuant to the Conformity Act, and by state courts in construing their particular real party in interest provision. * * *"

Again, at page 2045, it is stated:

"Long before the enactment of Federal Equity Rule 37, the rule in equity was that the suit must be brought in the name of the real party in interest. The real party in interest provision, therefore, in its application to suits formerly equitable is a mere restatement of the previous practice; it does not effect even a procedural change in that field."

11. Payne v. Hook, 7 Wall. 425, 74 U.S. 425, 19 L.Ed. 260; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Seeley v. Cornell, 5 Cir., 74 F.2d 353.

ment and the relief sought could be granted, without their presence.

No case is cited to us, we have found none, where, as here, one legatee has been allowed to maintain a suit, in behalf of the estate and all the legatees, to cancel completely in their interest, acts and instruments done and executed by the decedent, and, upon cancellation, to recover the entire property for the benefit of the estate.

On the contrary, as we have stated in Hudson v. Newell, 5 Cir., 172 F.2d at page 852, *"We know of no exception to the rule that an instrument cannot be destroyed totally by a decree unless all parties to it, or their successors in interest, are before the court."* (Emphasis supplied.) There the district judge at first denied defendant's motion to dismiss for want of indispensable parties, but the motion later renewed, on the authority of Keegan v. Humble, 5 Cir., 155 F.2d 971 and Calcote v. Texas & Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216, granted it. On appeal, this court, holding that the court had jurisdiction of the suit to grant part of the relief prayed, but that, for want of indispensable parties, the relief of cancellation could not be granted, held that, though full relief could not be granted in the cause, it should be retained to inquire into what relief could be.

We think we cannot do better than to quote from that case a part of what was said in the course of the discussion: "The cases of Keegan v. Humble Oil & Ref. Co., 5 Cir., 155 F.2d 971, and Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216, 225, are not revolutionary. They overruled no older decisions, and are but two among many dealing with the question here presented. Each case must be determined on its own facts. The fundamental principles are simple. They are: (1) Where federal jurisdiction rests on diversity of citizenship the diversity must be complete, and to see whether it is, all parties will be aligned as plaintiffs or defendants according to their real interests; (2) A court cannot adjudicate the rights of persons who are not parties before it; they will be brought in if possible and if they will not destroy diversity. (3) If diversity will be thereby destroyed the court will not require them to be brought in, but will enquire if there is any relief it can properly give without them; if there is, it will give it without prejudice to the rights of the absent; if none can be given the suit will be dismissed. In the latter event the dismissal is not for want of federal jurisdiction, but for lack of indispensable parties. See Federal Rules of Civil Procedure No. 19, 28 U.S.C.A."

Further differentiating between a suit to cancel an instrument, such as that suit was and this one is, and a suit for a fraction of an interest, such as the suits dealt with in the cases on which appellee relies were, the court, saying: "That an account may be had for a certain fractional interest without joining all interest we decided in Seeley v. Cornell, 5 Cir., 74 F.2d 353", went on to say: "It is clear as above stated that no cancellation as prayed of all adverse deeds, nor even of those made by Mrs. Hudson, can be decreed unless every person interested under them is before the court. The Calcote case, supra, was one of cancellation of an instrument. The leading case of Shields v. Barrow, 17 How. 130, 15 L. Ed. 158, was a case of rescission, which is the equivalent of cancellation. We know of no exception to the rule that an instrument cannot be destroyed totally by a decree unless all parties to it, or their successors in interest, are before the court. * * *"

The very frame of the complaint, of the prayer, and of the judgment on it, is conclusive of the non individual, the joint, nature of the suit and of the relief demanded, and that plaintiff was without right to maintain the suit. The notion contended for and made so much of by appellee in argument; that it is the relief granted in the suit rather than that asked for, which determines indispensability; that, in short, because the judgment as finally entered was in, rather than against, the interests of those not made parties; that because, in short, they suffered no prejudice by the suit but got benefits from it, the question of their indispensability disappears; wholly disregards the compelling equitable con-

siderations which lie behind and give rise to the indispensable party rule. If permitted to prevail, it would make of it a delusion and a snare.

That no such rule as to indispensable parties has ever existed or does exist is made clear in the cases. It is made clear by the last sentence of Rule 19(b): "But the judgment rendered therein does not affect the rights or liabilities of absent persons." This clause written with respect not to indispensable but to dispensable parties (for if parties are indispensable the court cannot adapt the suit so that it can proceed without them), makes it clear that even if those not made parties here were dispensable, no judgment could have been rendered in their favor.

The slightest consideration will show that if appellee were right in the view he takes, that the relief granted, rather than that asked, determines indispensability, the whole doctrine and the equitable basis on which it rests would be gone by the board.

Such view would permit the continual harassment of the defendant by successive suits brought singly by interested parties, each in the interest of them all, for cancellation with no protection, in case the defendant wins, from successive suits by the others who had not been made parties, while in case he lost in the first suit, his complaint that he ought not to have suffered a judgment in favor of persons who were not sued, would be met by the cynical view, "Well, those who ought to have been in the suit haven't suffered because their interests have prevailed, and having lost the suit, it doesn't lie in your mouth to complain that they got the benefit of a suit to which they were not made parties".

■ The doctrine of indispensable parties as set down in Mallow v. Hinde, 12 Wheat. at page 198, 6 L.Ed. 599,[12] is equitable in origin and result, set down carefully and as carefully maintained, there has never been any basis for the view that

where the want of indispensable parties has been timely called to the attention of the trial judge, and he has denied a motion to dismiss, such want can be regarded as cured by the fact relied on here, that a judgment has been granted in plaintiff's suit in favor of the absent parties.

■ On the clearest principles, supported by overwhelming authority, the motion to dismiss for want of a cause of action and because of indispensable parties should have been sustained. For the failure to sustain it, the judgment is reversed and the cause is dismissed.

12. "We do not put this case upon the ground of jurisdiction, but upon a much broader ground, which must equally apply to all courts of equity, whatever may be their structure as to jurisdiction. We put it on the ground that no court can adjudicate directly upon a person's rights, without the party being either actually or constructively before the court."