## NELSON v. LOVEJOY.

1. N being indebted to Y, who had departed this life, executed his note for the amount to L, who was about to administer on the estate of Y, L promising to execute a receipt for the money as administrator, after his qualification as such. He became the administrator of Y, and afterwards brought suit against N on the note. Held, that as he could give a valid receipt for the money, there was a sufficient consideration for the note, and no demand having been made of the receipt, there was no failure of the consideration.

Error to the Circuit Court of Talladega. Before the Hon. G. W. Stone.

MAYBERRY LOVEJOY sued Robert Nelson, before a justice of the peace, on a note for $27 44. Judgment was rendered by the justice in favor of the plaintiff, and Nelson removed the cause by *certiorari* to the circuit court. On the trial, it appeared in evidence, that Nelson, the plaintiff in error, had money in his hands belonging to one Harrison B. Young, at the time of his death, and letters of administration were about to be granted on the estate of the deceased, to the said Mayberry Lovejoy, and it was agreed that Nelson should give his note to the defendant in error for the money due to the deceased, and as soon as letters of administration were granted, the plaintiff in error was to call on the defendant, and the defendant was to give him a receipt as administrator. Letters of administration were granted to the defendant in

error on the estate of Harrison B. Young, but it does not appear that Nelson ever called on him for the receipt, or that the defendant in error ever made any other demand of Nelson for the money due to the estate of the intestate, except to demand payment of the note.

The defendant requested the court to charge the jury, that if they believed the evidence they should find for the defendant, Nelson, which the court refused. This refusal is here assigned for error.

RICE and MORGAN, for plaintiff in error.

1. The note is without consideration, and a recovery in this suit would not bar a recovery, by the present administrator of said Young, or by any subsequent administrator. Harbin v. Levi, 6 Ala. R. 399 ; Turner v. Davies, 2 Sand. Rep. 137 ; Hester v. Wesson, 6 Ala. R. 415, and cases there cited.

2. The note being void for want of consideration, or because it was given for a past consideration, (Kirksey v. Kirksey, 8 Ala. 131,) to a person having no authority nor right to take it, cannot itself be the foundation of a recovery. And Lovejoy in his individual character, cannot recover from Nelson a debt due to the estate of Young—especially as there is no valid written or express promise to pay Lovejoy, made after he became administrator.

3. When there is no conflict in the evidence, and when, admitting it all to be true, the plaintiff cannot recover, it is the duty of the court to charge the jury to that effect, if asked by the defendant. Paul v. Meek, 6 Ala. 753.

4. No matter how much equity a plaintiff in a court of law may have, yet he can never recover without showing a legal right. Lovejoy as an individual, has no legal right against Nelson. Westmoreland v. Davis, 1 Ala. Rep. 299. Nelson could not insist that the beneficial interest is in another, (3 Ala. 347,) but he may insist that the plaintiff has no legal right.

5. The express promise evidenced by the note is void. And the law will not imply a promise to pay Lovejoy as an individual, but will only imply the promise in favor of the admin-

72

istrator or owner of the money.    Br. Bank at Montgomery v. Sydnor, 7 Ala. 308.

W. W. Morris, for defendant in error.

1. The evidence shows, that Nelson, when he gave the note, agreed, that he was to have Lovejoy's receipt as administrator of Young, when he, Lovejoy, should qualify as such. This was in October, 1840; administration was granted Lovejoy in November, following.

2. Nelson is estopped by the execution of the note from showing a want of authority in Lovejoy to collect it. Grigsby's Ex'rs v. Ex'rs of Nance, 3 Ala. 347. Nor can he show an outstanding title in a third person. Moore & Moore v. Penn, use, &c. 5 Ala. 135.

3. A count for money had and received appears in the statement, which will warrant a recovery. Nelson knew at the time he made the note, that Lovejoy was to qualify as administrator—he made it a part of the agreement to have his receipt as such. 8 P. 333.

DARGAN, J.—We do not think the evidence showed an entire failure of consideration. The plaintiff in error was to call on the defendant after letters of administration on the estate of Young was granted to him, and the defendant was to execute a receipt to him as administrator. But it does not appear that the plaintiff ever requested the defendant, after the grant of letters to him, to execute the receipt as administrator, or that the defendant ever declined doing it, or as administrator ever demanded of the plaintiff the debt due the estate, in any other manner than to demand payment of the note. When the consideration of a note is something to be done by the payee afterwards, the defendant does not show a failure of consideration by merely proving that the consideration was an act to be done by the payee, upon the request of the maker; he must go further, and show that he requested the payee to do the act, and that he failed to do it; otherwise he does not show a failure of consideration. It is true, that it would be sufficient to show an incapacity on the part of the

payee, to do the act he promised to perform, which was the consideration, and if the payee was legally incapable of doing the act, it would be unnecessary to make the request. But it is not shown that the defendant in error was unable to give a valid receipt as the administrator of Young; on the contrary, it is shown by the testimony introduced by the defendant, that Lovejoy was the administrator of Young, at the time the suit was brought. The authorities relied on by the plaintiff in error are not applicable. The case of Levi v. Harbin, 6 Ala. 399, only affirms the rule, that an administrator cannot maintain a suit on a note given to him as such, after he has been removed from office. It is not shown that the defendant in error was removed, but on the contrary it is shown that he was the administrator.

We see no error in the refusal of the court to give the charge requested. Let the judgment be affirmed.

Chilton, not sitting.