George W. Ewing *vs.* John M. Warner, impleaded, etc.

December 7, 1891.

Conveyance in Trust for Grantor's Heirs—Reconveyance by Grantee Held void.—A. conveyed certain real estate to B., in trust for the heirs of A., to whom it was to descend upon his death. Subsequently B., for the express purpose of terminating the trust, assumed to reconvey to A. *Held* that, upon the execution of the trust-deed, a future vested estate in the heirs of A. was created; that the trust could not be destroyed, either by a revocation by the grantor, or by a violation of the trust by the trustee, or both, and hence that the deed of reconveyance, being not in execution of the trust, but in contravention of it, was void.

Appeal by defendant John M. Warner (impleaded with Rosa Warner, his wife, and the city of St. Paul) from a judgment of partition in an action brought in the district court for Ramsey county and tried by *Kerr, J.*

*W. K. Gaston,* for appellant.

*John B. & W. H. Sanborn,* for respondent.

MITCHELL, J. George W. Ewing, Jr., or 2d, being the owner of an undivided fifteenth of a large number of tracts of land, including the lots in controversy, on December 31, 1863, conveyed the same in trust to his father, George W. Ewing, 1st. This trust-deed is plaintiff's Exhibit G. The term "legal representatives," in the fourth subdivision of the declaration of the trust, is evidently used as synonymous with "heirs," or those to whom the property would have descended had the grantor died seised of it. The defendant, indeed, conceded on the argument that the deed created a valid trust. March 1, 1866, the plaintiff being then *in ventre sa mere,* George W. Ewing, 1st, the trustee, by the deed which is defendants' Exhibit 2, assumed to reconvey the property to George W. Ewing, Jr., *for the expressed and sole purpose of terminating the trust.* The trustee died soon afterwards in the same year. In 1867, the owners of the other fourteen-fifteenths of the property and George W. Ewing, Jr., or 2d, got together, and assumed to make a voluntary partition of the entire property among themselves, each, including George W. Ewing, Jr., having conveyed to him in severalty certain tracts as his supposed share, the particular tracts now in controversy being allotted to one of the other parties, under whom defendants claim. The plaintiff was in no way a party to this partition. George W. Ewing, Jr., died intestate in 1872, leaving the plaintiff, an infant, his sole heir. The plaintiff, claiming under this trust-deed to be the owner of an undivided fifteenth of the lots described in the complaint, brings this action for partition against the defendant Warner, who is admitted to be the owner of the other fourteen-fifteenths.

If, as is admitted, the conveyance to George W. Ewing, 1st, created a valid trust in favor of the heirs of the grantor, then, upon the execution of that deed, a future vested estate in the heirs of George W. Ewing, Jr., was created in these lots, which could only be divested

by the execution of the power contained in the deed "to sell and convey all or such part or parts of the real estate * * * as he [the trustee] shall deem most advantageous for the interest of the trust." This trust could not be destroyed, either by a revocation by the grantor, or by a violation of the trust by the trustee, or by both. The deed of reconveyance was not in execution of the trust, but in direct contravention of it, its expressed purpose being to terminate and thus destroy the trust, and was therefore absolutely void. This is decisive of the case.

The other points made by counsel for defendants are evidently the result of a confusion of ideas into which he has unwittingly fallen by reason of the relationship of the parties, and the assumption, unsupported by evidence, that the plaintiff inherited from his father the fifteenth of the property which was conveyed to him upon the voluntary partition, under the mistaken idea that the reconveyance to him referred to was valid. Plainly stated, the situation is just this: Fourteen persons, owning the undivided fourteen-fifteenths of a number of tracts of land, and another person who was erroneously supposed to own the other one-fifteenth, got together and made partition of the entire property among themselves, the real owner of the one-fifteenth not being in any way a party to the proceedings. That the latter could not be affected by this, nor be compelled, as a condition precedent to asserting his right to his fifteenth, to restore what his cotenants had mistakenly conveyed to a stranger, would seem self-evident. Confessedly, all the parties who have any interest in the lots described in the complaint are parties to this suit, and there is no reason why plaintiff is not entitled to a partition.

Judgment affirmed.