GEORGE W. EWING v. JOHN CLARK and Wife.[1]

June 8, 1896.

Nos. 9984—(120).

Trust Deed—Undue Influence.

Held, that the evidence justified, if not required, a finding that a conveyance from a son to his father, in trust for the benefit of the grantor and his heirs, was improvident, unconscionable, and secured by undue influence, and for that reason ought to be set aside.

[1] Reported in 67 N. W. 669.

Same—Termination of Trust—Rights of Cestui.

*Held*, also, that although the deed was executed over thirty-two years ago, yet the parties having, about two years thereafter, terminated the trust, and the grantee and trustee having done what it was his duty to do, and what equity would have compelled him to do, viz. reconveyed the property to the grantor, the cestui que trust under the deed has no equity which entitles him to have the trust upheld and enforced.

Action for partition in the district court for Ramsey county.

It was admitted that defendant, John Clark, was the owner of an undivided fourteen-fifteenths interest in the land. Plaintiff claimed title to an undivided one-fifteenth interest as sole heir and legal representative of George W. Ewing, Jr., under the deed of trust referred to in the opinion, which conveyed, with other property, the one-fifteenth interest in controversy and which was executed December 31, 1863, by his father, George W. Ewing, Jr., to George W. Ewing, Sr., the father of the grantor,

"for the uses and purposes following, to-wit: First. The said George W. Ewing, trustee as aforesaid, shall sell and convey all or such part or parts of the real estate hereby conveyed to him as he shall deem most advantageous for the interest of the trust hereby created, and the proceeds thereof to reinvest for the same purpose for which this trust is created or to expend the same in improving such of the property hereby conveyed as the said trustee shall deem most advisable and for the purpose of creating an income therefrom. Second. That of the income and proceeds arising under this trust a reasonable sum such as the trustee shall deem sufficient shall be expended in the maintenance of the said George W. Ewing, Junior, and the remainder, if any, after paying taxes, insurance and necessary expenses, shall be expended for the benefit of the trust when and at such times as the trustee shall deem best. Third. Should the said trustee die before his ward, that Jesse Halliday, of San Francisco, Cal., or upon his refusal to act such person as the court of common pleas of Allen County, Indiana, shall appoint, shall take up and continue this trust. Fourth. That upon the death of the said George W. Ewing, Junior, the property hereby placed in trust shall descend to the legal representatives of the said George W. Ewing, Junior, provided, however, that William G. Ewing, Junior, the adopted son of said William G. Ewing, deceased, shall under no circumstances whatever inherit or be entitled to any part or parcel thereof."

March 1, 1866, George W. Ewing, Sr., the trustee, executed a deed whereby he reconveyed to George W. Ewing, Jr., all the unsold property, including the undivided one-fifteenth interest in controversy, for the purpose of terminating the trust. Defendant John Clark

claimed to be vested with the title of George W. Ewing, Jr., by mesne conveyances executed after the deed of reconveyance.

The court, Egan, J., found in favor of defendants, and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John B. & E. P. Sanborn*, for appellant.

Upon the execution of the trust deed, a future vested estate in the heirs of George W. Ewing, Jr., was created, in the one-fifteenth of the lots in controversy. G. S. 1858, c. 31, §§ 9, 10, 11, 12, 13; Ewing v. Warner, 47 Minn. 446, 50 N. W. 603; Ewing v. Shannahan, 113 Mo. 188, 20 S. W. 1065; Ewing v. Jones, 130 Ind. 247, 29 N. E. 1057. The trust expressed by this deed was authorized by the statute. G. S. 1858, c. 32, § 11, subd. 5. The whole estate in the land vested in the trustee, subject only to the execution of the trust, and the heirs of George W. Ewing, Jr., had the absolute right to the execution of the trust at all times after the deed was made, and George W. Ewing, Jr., had no right or interest in the land which he could enforce, because it was entirely discretionary with the trustee what sum he should expend for his maintenance. G. S. 1858, c. 32, § 16; Ewing v. Shannahan, supra; Ewing v. Warner, supra; Jones v. Chandler, 40 Ind. 588; 1 Perry, Trusts, § 315; Locke v. Barber, 62 Ind. 585; North v. Philbrook, 34 Me. 532; Neilson v. Lagow, 12 How. 98; Cleveland v. Hallett, 6 Cush. 403. The words "legal representatives" in the trust deed mean heirs. Ewing v. Warner, supra; Ewing v. Shannahan, supra; Ewing v. Jones, supra; Farnam v. Farnam, 53 Conn. 261, 2 Atl. 325, and 5 Atl. 682; Dunrow v. Walker, 2 Dallas, 205; Jennings v. Gallimore, 3 Vesey, Jr. 146.

This estate, thus vested in plaintiff, could not be divested by the deed made by the trustee. G. S. 1858, c. 32, § 21. The future estate in the heir, who was then in being, could not be destroyed, either by a revocation of the grantor in the trust deed or by a violation of the trust by the trustee or by both. Ewing v. Warner, supra; Ewing v. Jones, supra; Ewing v. Shannahan, supra; 1 Perry, Trusts (4th Ed.) § 104; Haynes v. Kershow, 1 Sandf. Ch. 258, 262–269; Wright v. Miller, 4 Seld. 9, 22, 27; Petre v. Espinasse, 2 M. & K. 496; Bill v. Cureton, 2 M. & K. 503; Ellison v. Ellison, 6 Ves. 656; Kekewich v. Manning, 1 De Gex, M. & G. 176; Sewall v.

Roberts, 115 Mass. 262; Keys v. Carleton, 141 Mass. 45, 6 N. E. 524; Isham v. Delaware, L. & W. R. Co., 11 N. J. Eq. 227; Gaylord v.. City of Lafayette, 115 Ind. 423, 17 N. E. 899; Wright v. Moody, 116 Ind. 175, 18 N. E. 608. See Russell v. Russell, 36 N. Y. 581–586, and cases there cited; 2 Perry, Trusts, § 769. No power of revocation was contained in the trust deed, and its author could not revoke it. It was a complete executed trust, and, being perfect and complete, it must be enforced, whether it was a voluntary trust or made upon a valuable consideration. Ewing v. Jones, supra; Gaylord v. City of Lafayette, supra; Wright v. Moody, supra; Waterman v. Morgan, 114 Ind. 237, 16 N. E. 590; Ewing v. Shannahan, supra; Leeper v. Taylor, 111 Mo. 312, 19 S. W. 955; Lane v. Ewing, 31 Mo. 75; Pomeroy, Eq. Jur. (2d Ed.) §§ 966, 997.

The parol evidence offered by the defendants, to show that at the time this deed was made it was a part of the agreement between the parties that the trust was temporary simply and that the deed was revocable at the pleasure of the grantor, was incompetent because it contradicts the express terms of the deed itself, adds additional terms and destroys the writing. Thompson v. Libby, 34 Minn. 374, 26 N. W. 1; De Witt v. Berry, 134 U. S. 306, 10 Sup. Ct. 536; The Reeside, 2 Sumner, 567, Fed. Cas. No. 11,657; 1 Greenleaf, Ev. § 275; White v. National Bank, 102 U. S. 658; Metcalf v. Williams, 104 U. S. 93; Martin v. Cole, 104 U. S. 30. Even if declarations had been made at the time of the execution of the deed, and in the presence of William A. Ewing, his testimony as to the same would not have been admissible. Dodge v. Kiene, 28 Neb. 216, 44 N. W. 191; Nichols v. Crandall, 77 Mich. 401, 43 N. W. 875; American Surety Co. v. Thurber, 121 N. Y. 655, 23 N. E. 1129; Pittmann v. Burr, 79 Mich. 539, 44 N. W. 951. See Miller v. Butterfield, 79 Cal. 62, 21 Pac. 543; Bryan v. Idaho Quartz Min. Co., 73 Cal. 249, 14 Pac. 859; McCormick H. M. Co. v. Wilson, 39 Minn. 467, 40 N. W. 571; Wallace v. Berdell, 97 N. Y. 13. The declarations of a grantor made after he has parted with the title are not admissible to defeat the deed or to affect the title or rights fixed by the deed or acquired by others under it. See Burt v. McKinstry, 4 Minn. 146 (204); Zimmerman v. Lamb, 7 Minn. 336 (421); Howland v. Fuller, 8 Minn. 30 (50); Derby v. Gallup, 5 Minn. 85 (119); Frink v. Roe, 70 Cal. 296, 11 Pac. 820; Smith v. McElyea, 68 Tex. 70, 3 S. W. 260–261.

Fraud, oppression, mistake and undue influence cannot be inferred from an absence in the trust deed of a power of revocation. Barber v. Thompson, 49 Vt. 213; G. S. 1858, c. 34, § 36.

*Stevens, O'Brien, Cole & Albrecht*, for respondents.

If the instrument on its face be construed as plaintiff claims, a court of equity would set it aside for fraud and mistake in its execution, and the parties themselves having revoked it by the instrument of March 1, 1866, the court will sustain their action, even though no power of revocation was stated in the instrument. Evidence tending to show fraud is admissible in cases where fraud is the issue, although it may vary, add to or contradict the terms of the written contract. 1 Whart. Ev. § 931; 1 Greenleaf, Ev. § 284; 1 Story, Eq. § 200; Chitty, Cont. 119; Gatling v. Newell, 9 Ind. 572. Equity will often relieve against improvident and mistaken contracts upon the ground of constructive fraud, where no fraud in the active or opprobrious sense can be charged. Pomeroy, Eq. Jur. §§ 953–955; Kerr, Fr. & M. 45, 150; Story, Eq. Jur, §§ 307, 308, 309. The relation of parent and child has always been regarded as one of confidence. Story, Eq. Jur. § 309. See, also, Id. 307, 308; Kerr, Fr. & M. 179, 180. See Pomeroy, Eq. Jur. §§ 927, 928, 948, 962. Parol evidence is admissible. Kerr, Fr. & M. 386, 387; Pomeroy, Eq. Jur. §§ 858 et seq., 962; Wright v. Vanderplank, 8 De Gex, M. & G. 133–146; Ashton v. Thompson, 32 Minn. 25, 18 N. W. 918; Dent v. Bennett, 4 Mylne & Cr. 269; 1 Story, Eq. Jur. 307, 308; Rockafellow v. Newcomb, 57 Ill. 186; Wright v. Vanderplank, supra; Baker v. Bradley, 7 De Gex, M. & G. 597; Bergen v. Udall, 31 Barb. 9; Taylor v. Taylor, 8 How. 183; 2 Pomeroy, Eq. Jur. § 961; Hylton v. Hylton, 2 Ves. Sr. 547; Hatch v. Hatch, 9 Ves. 292, and note; Fish v. Miller, Hoff. Ch. 267; 2 Pomeroy, Eq. Jur. § 962; Gibson v. Jeyes, 6 Ves. 266; Hoghton v. Hoghton, 15 Beav. 278–299; Archer v. Hudson, 7 Beav. 551; Kerr, Fr. & M. 178, 179; Williams v. Powell, 1 Ired. Eq. 460; Chambers v. Crabbe, 34 Beav. 457; Jarvin v. Williams, 44 Mo. 465; Todd v. Grove, 33 Md. 188; Berdoe v. Dawson, 34 Beav. 603; Hugenin v. Basely, 2 Lead. Cas. Eq. (556), and notes; 2 Pomeroy, Eq. Jur. §§ 961, 962; Pierse v. Waring, 1 P. Wms. 121, note; 1 Story, Eq. Jur. § 317; 2 Pomeroy, Eq. Jur. § 961; Cooke v. Lamotte, 15 Beav. 234.

The absence of a power to revoke a voluntary settlement of trust is viewed by courts of equity as a circumstance of suspicion, and very slight evidence of mistake, misapprehension or misunderstanding on the part of the settlor will be laid hold of to set aside the deed. 1 Perry, Trusts, § 104; Everett v. Everett, 10 L. R. Eq. 404; Huguenin v. Baseley, 2 Lead. Cas. Eq. 1250; Aylsworth v. Whitcomb, 12 R. I. 298; Garnsey v. Munday, 24 N. J. Eq. 243; 13 Amer. Law Reg. 354, note; Rick's Appeal, 105 Pa. St. 528; Russell's Appeal, 75 Pa. St. 269; Minot v. Tilton, 64 N. H. 371, 10 Atl. 682; 2 Pom. Eq. § 845; Tilton v. Tilton, 9 N. H. 385; Kennard v. George, 44 N. H. 440; Ivinson v. Hutton, 98 U. S. 79; Smith v. Jordan, 13 Minn. 246 (264).

The instrument, in so far as it can be claimed that it grants anything to plaintiff, is testamentary and revocable as such. Nearpass v. Newman, 106 N. Y. 47, 12 N. E. 577; 1 Redfield, Wills, p. 5; Turner v. Scott, 51 Pa. St. 126; Evans v. Smith, 73 Am. Dec. 751; Babb v. Harrison, 70 Am. Dec. 203; Conrad v. Douglas, 59 Minn. 498, 61 N. W. 673; Rick's Appeal, supra; Gingrich's Appeal (Pa. St.) 17 Atl. 33; Ex parte Angell, 13 R. I. 630.

Upon plaintiff's own construction he would take at the death of George W. Ewing, Jr., the same estate precisely which he would take by the law of descent. In such case the title by descent prevails over the title by grant, and the grant is a nullity, the reversion remaining in the grantor. A devise to an heir of the same interest which the law gives him is a nullity. Stillwell v. Knapper, 69 Ind. 558; Davidson v. Koehler, 76 Ind. 398; Robertson v. Robertson, 120 Ind. 333, 22 N. E. 310. See Co. Litt. 22b; Washburn, Real Prop. p. 744. "Legal representatives" cannot be construed to mean heirs. Cox v. Curwen, 118 Mass. 198; Warnecke v. Lembca, 71 Ill. 91; Wright v. First Nat. Bank, 7 Cent. Law. Jour. 122; Bowman v. Long, 89 Ill. 22; Hogan v. Page, 2 Wall. 605; Carpenter v. Rannels, 19 Wall. 138; Montgomery v. Landusky, 9 Mo. 714; Phelps v. Smith, 15 Ill. 572; Morehouse v. Phelps, 18 Ill. 472; Wamsley v. Crook, 3 Neb. 344; Grand Gulf R. R. & B. Co. v. Bryan, 8 Smedes & M. (Miss.) 234; Johnson v. Van Epps, 110 Ill. 551; Richmond v. Johnson, 28 Minn. 447, 10 N. W. 596. The instrument of revocation was admissible. Minot v. Tilton, supra.

MITCHELL, J. This case involves the same deed of trust which was considered in Ewing v. Warner, 47 Minn. 446, 50 N. W. 603, and also in Ewing v. Jones, 130 Ind, 247, 29 N. E. 1057, and in Ewing v. Shannahan, 113 Mo. 188, 20 S. W. 1065, in all of which the courts arrived at the same conclusion, to wit, that the deed in question created a valid trust, in favor of the heirs of the grantor, which could not be destroyed, either by revocation by the grantor, or by the deed of reconveyance by the trustee to the grantor, made, not in execution of the trust, but for the purpose of terminating and destroying it.

In Ewing v. Warner defendants' counsel really admitted that the deed created a valid trust, but contended that, under the facts, the grantor and the trustee had the power to terminate it. Hence, if the question was material, we would not feel bound, by that decision, to hold that the deed created a valid trust. It will be observed however, that in the cases cited the supreme courts of Indiana and Missouri so held where the question appears to have been contested. But in all these cases the defendants rested exclusively upon the terms of the deed of trust and the deed of reconveyance, but here the defendant claims that the deed of trust was unconscionable, and procured by fraud and undue influence on part of the grantee or trustee, and introduced evidence to establish that fact.

The deed of trust was executed in December, 1863, and the deed of reconveyance, by which the parties assumed to terminate the trust, was executed in March, 1866. The deed of trust included about $50,000 worth of property, which the grantor had inherited from ar uncle, and which was all the property he owned. The parties were father and son. The son was a young man, between 22 and 23 years of age, without business experience or knowledge, intemperate in his habits, and easily influenced by others. He had neither wife nor children, and hence was without any heirs for whom he might be presumed desirous to make provision. His father was a man of large wealth and force of character, and of strong will, and had commanding influence over his son. The conveyance was made for the nominal consideration of $600, but no consideration was in fact paid.

The evidence tends strongly to prove that the son had no disinterested or independent advice, and that the deed was prepared and executed in the father's office. There was also evidence that the son

stated that the conveyance was executed as a matter of convenience, to enable the father to transact his business during his absence in California, and with the understanding that, in case he returned, and desired a reconveyance, his father was to make it, and that, when these statements were communicated to the father, he did not deny their truth. Of course, this was inadmissible for the purpose of varying the terms of the deed, but it was competent as tending to prove one of the influences which may have been brought to bear on the son to induce him to execute the deed. The improvident terms of the deed itself are very significant. Here was this boy, without either wife or children, and no certainty that he ever would have any, conveying away this large amount of property,—all he had,— giving to the grantee, as trustee, practically unlimited control of it, to manage, sell, and reinvest as he saw fit, and without any provision for the benefit of the grantor, except that, out of the income and profit, the trustee might expend such reasonable sum as the trustee deemed sufficient for the maintenance of the grantor. Moreover, this deed contained no power of revocation, which, in the case of a voluntary settlement in trust, is viewed as a circumstance of suspicion; and, in such a case, very slight evidence of mistake, misapprehension, or misunderstanding on part of the settlor will be laid hold of to set aside the deed. 1 Perry, Trusts, § 104.

The way in which courts of equity scrutinize and deal with transactions of this nature is too familiar law to require discussion. That equity, so far from enforcing this deed to the father, would have, on the son's suit, set it aside as improvident and unconscionable, seems to us clear, under all the authorities. Had the trust continued to have been administered up to this time, a court might have been justified in refusing to set aside the deed. Certainly, under such circumstances, and after such a lapse of time, the evidence ought to be clear and strong to justify setting it aside. But over thirty years ago, and within a little over two years after the trust was created, the parties terminated it, so far as they could do so, and the father voluntarily did what he ought to have done, and what any court would have compelled him to do, viz. reconveyed the property. Under these circumstances, the plaintiff, who, being the sole heir of the grantor, claims as cestui que trust under the deed, has no equity which entitles him to have the trust upheld and enforced.

It is immaterial that he was not guilty of any wrongdoing. He is not an innocent purchaser for value; and it is well settled that the fraud or undue influence need not proceed from the recipient of the donor's bounty, but it is equally fatal to the validity of the gift that such fraud or undue influence was practiced or exerted by a third person, as, for instance, by the trustee. When this deed of trust came before the supreme court of Indiana, in a second case, in which it was assailed on the same ground as in this case, that court, upon substantially the same evidence as is before us now, arrived at the same conclusion at which we have arrived, expressed in a very able and exhaustive opinion by the same eminent jurist, Chief Justice Elliott, who delivered the opinion in the first case. Ewing v. Wilson, 132 Ind. 223, 31 N. E. 64.

This really disposes of all the points raised by the assignments of error that are entitled to any special consideration. Possibly some of the findings of fact are in certain particulars stronger than the evidence justified, but the essential findings necessary to support a judgment in favor of the defendants are abundantly justified by the evidence. We do not think that the court committed any error in the admission of evidence. Great latitude is permissible, in a case of this kind, in inquiring into the condition and character of the parties, and all other circumstances having any logical tendency to throw light upon the probable influences which induced the execution of the deed in question. This is especially true where, as in this case, both parties to the conveyance are dead.

Order affirmed.