# Norwich Union Fire Insurance Co. v. Prude, et al.

### Action on Fire Insurance Policy.

[DECIDED FEB. 17, 1906, 40 So. REP. 322.]

1. *Insurance; Action on Policy; Real Parties in Interest; Pleadings.*—A complaint on a fire insurance policy, which alleges that the policy is payable to the estate of L. A. P., deceased, and that plaintiffs are next of kin and heirs of deceased, and, therefore, the real parties in interest, is demurrable, since the real parties at interest, and the one entitled to maintain the action, under the facts stated, is the personal representative of deceased.

2. *Descent and Distribution; Personal Property.*—Personal property descends to the personal representative of decedent, and not to the heirs and next of kin, in the absence of an averment of exemption, or the claim of a surviving husband, or the absence of an averment of no debts due by decedent and want of necessity for a personal representative.

3. *Insurance; Person Insured; Estate of Decedent.*—A policy of fire insurance is not void because made payable to the estate of a deceased person, extrinsic evidence being admissible to make payee certain.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

This was an action by G. O. Prude, Sr., as next friend of several minor children, plaintiffs, against the Insurance Company and the complaint is in the following language: "The plaintiff claims of the defendant the sum of $600, the value of a dwelling house, which the defendant, on the 16th day of March, 1904, insured against loss or injury by fire and other perils of the policy of insurance mentioned, for the term of one year, which house was wholly destroyed by fire on to-wit, the 19th day of March, 1904, of which the defendant has had notice; and the plaintiffs further aver that said policy of insurance was payable to the estate of Lucy A. Prude, deceased, and that the plaintiffs are the heirs and next to kin of

said Lucy A. Prude, deceased, and are the real bene-
ficiaries under said policy of insurance, which sum of
money with the interest thereon they sue for. To this
complaint defendant interposed the following grounds
of demurrer: 1. Complaint fails to show that the
defendant ever entered into a contract of insurance with
plaintiffs; or that the plaintiffs have succeeded to any
rights growing out of a contract between defendant and
another. 2. Complaint fails to show that said policy
was payable to any person or persons whomsoever. 3.
Complaint fails to show that said premises were ever
the property of said Lucy A. Prude, deceased. 4. Com-
plaint fails to show whether there is or is not an estate
of Lucy A. Prude, deceased; and its allegations that
plaintiff's are the beneficiaries under the policy is a
mere conclusion of the pleader. 5. So far as appears
from said complaint Lucy A. Prude may have devised
the premises to persons other than her heirs and next of
kin. 6. So far as appears from said complaint there is
or may be an outstanding life estate in said premises in
a surviving husband of said Lucy A. Prude. 7. So far
as appears from complaint the alleged indebtedness
from defendant arose in the lifetime of said decedent,
and was personal property of decedent at the time of her
death. The court overruled these demurrers and the de-
fendant filed a lot of special pleas which are not neces-
sary to set out.

KING, SPAULDING & LITTLE and HENRY FITTS, for ap-
pellant.—The right of action for the recovery of the per-
sonalty of the estate of a decedent is in the personal
representative, unless there is no need for an administra-
tion, and the absence of need of administration should ap-
pear from the complaint.—*Wood v. Crosby,* 76 Ala. 557;
*Hopkins v. Miller,* 92 Ala. 513; *DeBardelaben v. Stoud-
enmire,* 82 Ala. 574; *Teal v. Chancellor,* 117 Ala. 612;
*Marcy v. Howard,* 91 Ala. 133; *Cooper v. Davis,* 85 Ala.
342; *Glover v. Hill,* 85 Ala. 41; *Beatty v. Abercrombie,*
18 Ala. 19. It is questionable whether an action to recover
the personalty of an estate can ever be maintained by
the distributees, in a court of law. Authorities supra.

When the true ownership of the property is required to be stated by the conditions of the policy, it becomes a material part of the contract and all rights under it are forfeited by non-compliance. The rule is different in those cases where no such stipulation is made.— *Brown v. Com. F. Ins. Co.,* 86 Ala. 189; *Insurance Co. v. Boulden,* 96 Ala. 508; *Insurance Co. v. Smith,* 92 Ala. 428.

A material misrepresentation avoids a contract of insurance.—*Ala. Gold L. Ins. Co. v. Garner,* 77 Ala. 210; *Ins. Co. v. Stoddard,* 88 Ala. 606, 2 Joyce on Ins. Sec. 1894, and cases cited; 4 Ib. Sec. 3339; 16 A. & E. Ency. Law (2d Ed.) 923-33. The provision set up in the pleas is a valid stipulation, and its breach forfeits the policy. —4 Joyce Ins. Sec. 3339, 13 Am. & Eng. Ency. Law (2d Ed.) 342, and cases cited; *Tubb v. Ins. Co.,* 106 Ala. 652; *Claplin v. Ins. Co.,* 110 U. S. 81.

MAYFIELD VERNER & NABORS, for appellee.—The complaint was in Code form and therefore sufficient.— Code, 1896, p. 945; *Insurance Co. v. Insurance Co.,* 81 Ala. 320; *Insurance Co. v. Moog,* 78 Ala. 284.

An insurance policy, like a note or bond, is not void because payable to the estate of a deceased person. While the payees may be uncertain, they are capable of being made certain by extrinsic evidence.—1 Joyce Ins. Sec. 310; *Clinton v. Hope Ins. Co.,* 51 Barb. 647; *Life Ins. Co. v. Bledsoe,* 52 Ala. 538; *Hendrix v. Thornton,* 45 Ala. 299.

It is not necessary that the complaint should allege or set forth an insurable interest in the plaintiffs.—81 Ala. 320; 78 Ala. 284.

ANDERSON, J.—The complaint avers that the policy was "payable to the estate of Lucy A. Prude, deceased." If that be true, those entitled to the estate would be the beneficiaries. It is true the complaint avers that the plaintiffs are the heirs and next of kin of the deceased and are the real beneficiaries. If the policy was payable to the estate, then the heirs and next of kin would not, as such, be the beneficiaries, except upon the condition

that the deceased died intestate and has no personal representative, or else there are no debts and no need for one, or the property was exempt from administration or the claim of a surviving husband. The personalty does not descend to the heirs, but to the personal representative, and the heirs are never entitled to it, other than as exempt under the statute, until after the payment of the debts of the deceased, and even then it is subject to the interest of a surviving husband or wife.

A complaint which does not aver that the plaintiffs are the beneficial owners, or facts sufficient to show that they are, is demurrable. Section 28 of the Code of 1896 authorizes the action on instruments like the one described to be brought by the beneficial owner, but the complaint does not aver that plaintiffs are the beneficial owners. They may be the heirs at law and next of kin, but would be neither the beneficiaries under the policy nor the beneficial owners of the proceeds, except upon certain conditions. The trial court erred in not sustaining the grounds of demurrer proceeding upon the foregoing proposition. The complaint is in the Code form, and would be sufficient but for the defect above pointed out.—*Insurance Co. v. Insurance Co.*, 81 Ala. 320, 8 South. 222, 60 Am. Rep. 162; *Insurance Co. v. Moog*, 78 Ala. 284, 56 Am. Rep. 31.

The policy is not void because payable to the estate of a deceased person. While the payees or parties insured may be uncertain, it is capable of being made certain by extrinsic evidence.—Joyce on Insurance, Vol. 1, § 310; *Clinton v. Hope*, 51 Barb. (N. Y.) 647; *Insurance Co. v. Bledsoe*, 52 Ala. 538; *Hendricks v. Thornton*, 45 Ala. 299. Since the case must be reversed on account of a defect in the complaint, we need not consider the ruling of the trial court upon the special pleas.

The judgment of the county court is reversed, and the cause remanded. Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.