[Norwich Union Fire Insurance Society v. Prude, et. al.]

# Norwich Union Fire Insurance Society v. Prude, *et al.*

### *Action on an Insurance Policy.*

(Decided Feb. 4, 1908.　Rehearing denied June 18, 1908.
47 South. 974.)

· 1. *Insurance; Action; Declaration.*—A declaration upon a fire insurance policy which alleges that the policy was payable to the estate of one P., but that the plaintiffs are the real parties interested and are the beneficial owners of the policy, and that the legal and equitable title to the policy was in them alone at the time it was issued, and at the time of the loss, is not subject to demurrer for failure to allege that the premises was ever the property of P., or whether there was an estate belonging to P. and plaintiffs relation thereto, or whether P. if dead, died testate or intestate, etc.

2. *Same; Interest of Insured; Plea.*—A plea alleging that the policy stipulated that it should be void if insured's interests therein were not truthfully stated, or if such interest was other than the unconditional and sole ownership; and that the policy was payable to the estate of P. and insured as the property of said estate, and that it was taken out by the administrator thereof, who, as the surviving husband, inherited one half of the personal property absolutely, and a life estate in the realty; that after P.'s death, but prior to the issue of the policy the husband became administrator and conveyed to the plaintiff's his life estate in insured's property so that when the policy was issued, the property did not belong to the estate of P., and plaintiffs were the absolute owners of insured's property, and therefore, the interest of the insured was not truthfully stated and the insured did not have unconditional and sole ownership, was subject to demurrer, it not being alleged that there was any misrepresentation or that the defendant did not know at the time that plaintiffs were interested.

3. *Same; Pleading; Conclusion.*—A plea alleging that the policy stipulated that it should be void in case of any fraud by insured touching any matter relating to the policy, whether arising before or after the loss, and that after the fire insured attempted to collect under the policy and falsely represented to the company that the house was substantially complete when he knew that it was unfit for habitation and materially defective, is bad in not setting up the policy or the conditions therein, the breach of which was relied on as a defense, as the statement that the policy provided that it should be void in case of fraud was but a conclusion.

4. *Same; Action; Pleading.*—Where the conditions of the policy are relied on as a defense to an action on the policy, such conditions should be set out, or the substance thereof stated so that the court may determine whether the facts stated as a breach amounts in law to such a breach.

[Norwich Union Fire Insurance Society v. Prude, et. al.]

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by Agnes Prude and others, by next friend, against the Norwich Union Fire Insurance Society. From a judgment for plaintiffs, defendant appeals. Affirmed.

See *Norwich Union Fire Insurance Co. v. Prude et al.,* 145 Ala. 297, 40 South. 322.

The fifth count as amended is in the following language: "Plaintiffs claim of defendant the further sum of $600, the value of a dwelling house which defendant, on the 16th day of March, 1904 insured against loss by fire and other perils in the policy of insurance mentioned for the term of one year, which house was totally destroyed by fire on, towit, the 19th day of March, 1904, of which defendant has had notice; and the plaintiffs further aver that said policy of life insurance on its face was payable to the estate of Lucy A. Prude, and the plaintiffs further aver that they are the parties really interested in said contract of insurance and are the beneficial owners of the same; and the plaintiffs further aver that the legal and equitable title of said contract of insurance was in them, and in them alone, both at the time of the issuance of said policy and at the time of the loss; and plaintiffs further aver that at the time of the issuance of said contract of insurance the said defendant was a member of the Southeastern Tariff Association, or in some manner connected with the same, and had an agreement or understanding with said tariff association about the rates which should be charged or fixed on any particular class of insurance risks; and plaintiffs further claim of defendant the sum of $150 damages as a penalty prescribed by section 2620 of the Code of Alabama, together with the interest on said sum of money."

Demurrers were interposed to this count as follows:

"(1) The allegation thereof that plaintiffs are the parties really interested in said contract of insurance and are the beneficial owners of the same is a mere conclusion of the pleader, unsupported by any facts averred. (2) It fails to show that said premises were ever the property of Lucy A. Prude, deceased. (3) It fails to show whether there is or is not an estate of Lucy A. Prude, deceased, and what, if any, is the relation of said parties plaintiff to said estate. (4) It does not appear whether the said Lucy A. Prude, if dead, died intestate or testate. (5) So far as appears, it may be that there was an outstanding life estate in the premises insured in a surviving husband of said Lucy A. Prude, and it does not appear that one of the plaintiffs is such surviving husband. (6) So far as appears from said count, the alleged indebtedness arose in the lifetime of said decedent, and was personal property of decedent at the time of her death. (7) So far as appears from said count, the alleged indebtedness is only collectible by the administrator of said deceased, and it does not appear whether or not there is an administrator of said estate." These demurrers were overruled.

The defendant filed the following pleas: Plea A: "Comes the defendant and for plea to the second count as amended says that in and by said policy of insurance it was stipulated and set forth that this entire policy shall be void if the interest of the insured in the property be not truthfully stated herein, and it is further provided in said policy that the same shall be void if the interest of the insured be other than unconditional and sole ownership. Said policy was made payable to the estate of said Lucy A. Prude and insured as the property of said estate. There was in said policy no other statement of ownership of said insured property. Said policy was taken out by one J. Oscar Prude, who was the

administrator of said estate. By the death of said decedent, who died intestate, said J. Oscar Prude, who is the surviving husband of decedent, inherited one-half of her personal property absolutely and a life estate in all of her realty, subject to the payment of debts. Subsequent to the death of said decedent, but prior to the issue of said policy, said J. Oscar Prude had become the administrator of said estate by appointment of the probate court of Tuscaloosa county, Ala., and had further conveyed unto the plaintiffs in this action his life estate in said insured property. When the policy was issued the said house thereby insured did not belong to the estate of Lucy A. Prude. Neither the title nor the beneficiary interest therein reposed as it was vested by the death of the said deceased. The plaintiffs were, at the issuance of said policy, absolute owners of said insured property in praesenti; whereas, by the death of their said mother they were only vested with the remainder estate therein, subject to the outstanding life estate in her husband, the said J. Oscar Prude. Therefore, when said policy was issued, and said property thereby insured as the property of the estate of said Lucy A. Prude, the interest of the insured in the property was not truly stated therein, nor was the interest of the insured in said property an unconditional and sole ownership." This plea was adopted as an answer to the fifth count also. "(10) The plaintiffs ought not to have and recover in this action, for that the said policy of fire insurance provides that it shall be void in case of any fraud by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after the loss. After said fire insured, in attempting to make a collection under said policy, fraudulently and falsely represented to the insurance company that the said house was a good and substan-

tially complete house; whereas, the insured well knew at the time of the making such representations that said house was not a good one, but a mere pretense for a house, unfit for human habitation, and of materially less value than a good house, such as it was represented to be."

The plaintiffs demurred to plea A as follows: "(1) Because said plea attempts to answer said complaint and to avoid said policy sued on by alleging a breach of warranty or conditions of said policy, in that 'if the interest of the assured in said policy be not truthfully stated therein, or if the interest of the assured be other than the unconditional and sole ownership, the policy or contract shall be void, and yet does not allege facts which, if true, would show a breach of either of the two conditions named; but the plea shows affirmatively that the plaintiffs were the sole and unconditional owners of the property at the time of the issuance of the policy and at the time of the loss. (2) Because said plea shows that at the time of the issuance of the policy and at the time of the loss complained of the plaintiffs were the sole and unconditional owners of the property insured and the persons really interested in the contract of insurance. (3) Because it is not necessary that J. O. Prude should have had any interest or title in said property at the time of the issuance of the policy or the loss thereunder in order for plaintiffs to maintain this action." To the tenth plea, because it fails to allege any change in the conditions of the title of plaintiffs to said property after execution of the contract of insurance, and "(7) Because any change in the title of the property before the execution of the contract of insurance is immaterial and does not affect the validity of the insurance or the liability of defendant."

KING, SPAULDING & LITTLE, and HENRY FITTS, for appellant. The court should have sustained the demurrer to the first count.—*Wood v. Crosby,* 76 Ala. 557; *Hopkins v. Miller,* 92 Ala. 513; *Peal v. Chancellor,* 117 Ala. 612; *Marcy v. Howard,* 91 Ala. 133. The court erred in sustaining demurrers to the plea.—86 Ala. 189; 96 Ala. 508; 92 Ala. 428; 105 Ala. 269.

MAYFIELD & VERNER, for appellee. There was no error in the record and the cause should be affirmed on the authority of *Clinton v. Hope Ins. Co.,* 45 N. Y. 455; *Moale v. City of Baltimore,* 61 Md. 224.

DOWDELL, J.—This is the second appeal in this case, and, as stated by counsel for appellant in brief, the questions involved are much the same as raised on the former appeal.—145 Ala. 297, 40 South. 322. Since the remandment, however, of the cause, the fifth count of the complaint has been amended in conformity to suggestions contained in the opinion of Justice Anderson on former appeal as to what should be averred to constitute a good complaint. There was no error, therefore, in overruling the demurrer to the fifth count as last amended.

The second, third and fifth assignments of error are grouped in argument by counsel for appellant and insisted on only as presenting the same legal question as raised by the ruling of the lower court on the demurrer to plea A. This plea in the main is argumentative. Eliminating the argument and conclusions of the pleader, there are no facts stated in the plea inconsistent with the alleged stipulations in the policy that require the interest of the assured shall be truthfully stated, or that such interest shall not be less than unconditional and sole ownership. That the policy is made payable to the

"estate of Lucy A. Prude" is no reason for saying that this is an untruthful statement of the interest of the assured in the property. It was perfectly competent for the parties by agreement to do this. The plea does not undertake to state as a fact that there was any misrepresentation or false statement made in this respect, or that it was not well known by the defendant company, when it issued the policy, that the plaintiffs alone were interested as the assured.

The tenth plea, to which a demurrer was sustained, was bad, and subject to the demurrer. This plea fails to set out the policy, or the conditions contained in it, the alleged breach of which is relied on as a defense. The statement in the plea "that said policy of fire insurance provides that it shall be void in case of any fraud by the insured touching any matters relative to this insurance or the subject thereof, whether before or after the loss," is but the statement of the opinion or conclusion of the pleader. Good pleading requires that the conditions of the policy, at least in substance, shall be set out in the plea, in order that the court may determine on demurrer whether the facts stated as constituting the breach relied on as a defense in law amounted to a breach of the conditons.

The portion of the oral charge of the court to which an exception was reserved was in substance the statement of the provision of the statute (sections 2619, 2620, of the Civil Code of 1896). If the defendant supposed that the charge had any tendency to mislead the jury, it was open to it to request an explanatory charge.

The complaint contained a substantial cause of action, and the evidence supported it. The general charge requested by the defendant was refused. The evidence has been carefully considered by us, and there is no sufficient reason for saying that the court erred in overrul-

ing the motion for a new trial. No error appearing in the record, the judgment is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.