(89 South. 274)

**BROWN v. COPELAND.   (8 Div. 337.)**

(Supreme Court of Alabama.   May 19, 1921.)

**1. Descent and distribution ⬤⇒91(1)—Decedent's widow not entitled to payment of another's indebtedness to him.**

Distributees or legatees of a decedent have no title to the assets of his estate, and are not appointed by law to demand or receive them, all their interest being secondary and capable of conversion into unqualified ownership only through the process of administration, so that a widow of a decedent was not entitled to demand or receive payment of another's indebtedness to him.

**2. Bills and notes ⬤⇒94(1)—Debt to decedent no consideration for note to his widow.**

In order to convert an indebtedness to a decedent into a valid consideration for a note given his widow, it is necessary for the latter to show such a relationship to such indebtedness as would enable her to give a valid receipt in discharge of it, the mere fact that she is decedent's widow being insufficient; she having no right to such indebtedness unless it passed to her.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Dora Copeland against J. G. Brown. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The action was upon a promissory note executed by the defendant to the plaintiff, and the pleas were non est factum and want of consideration.

The evidence for the plaintiff tended to show that her husband, a physician, was dead, and that she was collecting the accounts due to him for medical services. That she adjusted the account of defendant due for such services by giving him a credit claimed, and taking his note for $36.96, the balance. There was nothing in the evidence to show that plaintiff was the owner of her deceased husband's accounts or that she had any interest in them, except that she was his widow. It did not appear whether there was any surviving child or children of the marriage, nor whether there had been or was then pending any administration on his estate. The evidence as to the execution of the note was in conflict. The error assigned is the rendition by the court of the judgment on the evidence before it.

Street & Bradford, of Guntersville, for appellant.

On the undisputed evidence the note was without consideration. 54 Ala. 191; 93 Ala. 470, 9 South. 534; 61 Ala. 155; 57 Ala. 165; 8 C. J. 219.

J. W. Brown, of Boaz, for appellee.

No brief reached the Reporter.

SOMERVILLE, J.   Upon the issue of non est factum the evidence amply supports the finding of the court adversely to defendant, and the question for review is upon the plea of no consideration.

Appellant's contention is that, as a matter of law, a note given to plaintiff upon the consideration alone of his indebtedness to her deceased husband was without any valid consideration, and will not support a recovery by her.

[1] Distributees or legatees of a decedent "have no title to the assets, and are not appointed by law to demand or receive them; all their interest is secondary, and is capable of conversion into unqualified ownership, only through the process of administration." Costephens v. Dean, 69 Ala. 385. From this principle it follows that plaintiff, as widow of Dr. Copeland, was not entitled to demand or receive payment of defendant's indebtedness to him, nor could she give to defendant any receipt or acquittance which would protect him from liability to an administrator subsequently appointed.

[2] In order to convert defendant's previous indebtedness to plaintiff's husband into a valid consideration for the note given to her, it was necessary for her to show such a relationship on her part to that indebtedness as would enable her to give defendant a valid receipt in discharge of it. Nelson v. Lovejoy, 14 Ala. 568. The mere fact that she was the creditor's widow does not show such relationship and interest. In receiving the note neither plaintiff nor the decedent's estate surrendered anything of value, and in giving the note defendant did not receive or

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

secure anything of value for himself. In the text of Corpus Juris it is stated that—

"Where the consideration is the maker's debt to the decedent, it will not support a note made to his widow, or even to his personal representative, if the debt did not pass to such representative." 8 Corp. Jur. 219, § 353.

Of course if it should be made to appear that the right to the original indebtedness had in any way become vested in plaintiff, then the note was founded upon a valid consideration.

Under the evidence before the court, we hold that defendant's plea of no consideration should have been sustained, and the judgment for plaintiff was erroneous.

The judgment will be reversed, and, as plaintiff may be able to make the requisite showing on another trial, we will remand the cause, instead of rendering judgment here.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.