## SOVEREIGN CAMP, W. O. W., v. SNIDER.

### 5 Div. 145.

Supreme Court of Alabama.

May 25, 1933.

Rehearing Denied June 22, 1933.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Holley & Milner, of Wetumpka, for appellee:

BROWN, Justice.

The statute regulating the descent and distribution of personal assets of intestate decedents provides that "the personal estate of persons dying intestate as to such estate, *after the payment of debts and charges against the estate*, is to be distributed in the same manner as his real estate, and according to the same rules [as his real estate]; except that the widow, if there are no children, is entitled to all the personal estate, or, if but one child, she is entitled to one-half; if more than one, and not more than four, children, to a child's part; and if more than four children, to one-fifth." (Italics supplied.) Code 1923, § 7374.

And it is well settled, that as to personal assets, not exempt from administration and the payment of debts or charges against the estate, the legal title at the death of the intestate passes to the personal representative; that the interests of the distributees are secondary and are not converted into unqualified ownership except through the process of administration. Costephens v. Dean, 69 Ala. 385; Brown v. Copeland, 206 Ala. 124, 89 So. 274; Tillery v. Tillery, 155 Ala. 495, 46 So. 582; Norwich Union Fire Insurance Co. v. Prude, 145 Ala. 297, 40 So. 322, 8 Ann. Cas. 121; Mayor and Aldermen of Huntsville v. Smith, 137 Ala. 382, 35 So. 120.

But, as to personal property exempt as a matter of law without the necessity of any act on the part of the exemptioner or other person to separate it from property subject to administration, the title passes to and vests in the distributee for whose benefit the exemption is intended. Norwich Union Fire Insurance Co. v. Prude, supra; Phillips v. First Nat. Bank of Bessemer, 208 Ala. 589, 94 So. 801; Jackson v. Wilson, 117 Ala. 432, 23 So. 521; Snead v. Scott, 182 Ala. 97, 62 So. 36; Lasseter v. Deas, 9 Ala. App. 564, 63 So. 735.

Section 8478 of the Code provides, that "no money *or other benefit* charity or relief, or aid to be paid, provided or rendered, by any such society shall be liable to attachment, garnishment or other process, *or be seized, taken, appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment.*" (Italics supplied.)

There can be no escape from the conclusion that the purpose and intent of this statute was to remove the right of property in the certificate of insurance and its proceeds from seizure under legal process, and subjection by any suit for purposes of administration, or otherwise.

The averments of fact, aside from the pleader's conclusion in count 5, bring the cause of action stated within the influence of section 8478 of the Code, and the demurrers to that count were properly overruled.

Construing subsection (b) of section 115 of the by-laws of the society, made a part of the contract of insurance, making it "payable to the beneficiary or beneficiaries named therein or to *their legal representatives*," on proof of the death of the insured, in connection with section 8478 of the Code, which must be read into the contract, the term "legal representatives" must be held to refer to the persons who succeed to the benefits by operation of law. 36 C. J. page 979, § 11; Farnam v. Farnam, 53 Conn. 261, 2 A. 325, 5 A. 682; Delaunay v. Burnett, 4 Gilman (9 Ill.) 454; Ewing v. Warner, 47 Minn. 446, 50 N. W. 603. The contract by its terms was matured by the death of the insured and proof thereof furnished to the insurer.

On the agreed case the plaintiff was entitled to recover, and if error intervened in any of the rulings, they were clearly without injury.

Affirmed.

ANDERSON, C. J., and THOMAS, and KNIGHT, JJ., concur.