172 So. 627

### GUTTERY et al. v. KILGORE.

### 6 Div. 51.

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

J. B. Powell, of Jasper, for appellee.

J. J. Curtis, of Jasper, for appellants.

KNIGHT, Justice.

Suit upon a promissory note. The trial was had before the court, without the intervention of a jury, and resulted in judgment for plaintiff for $1,175.30.

The complaint at first consisted of but a single count, and declared upon the note as if all defendants were comakers.

Before the trial was entered upon, the plaintiff amended her complaint by adding count A thereto. This count, so far as here necessary to be stated for a proper understanding of the case, is as follows:

"Count A. The plaintiff claims of the defendant $800.00 due by promissory note executed by W. L. Guttery on the first day

of February, 1932, and payable to the order of plaintiff on the first day of February, 1933, with interest from date, which note was before delivery thereof endorsed by M. H. Johnson, W. C. Clark, E. W. Long and C. P. Chabert, the other defendants in this cause.

"Plaintiff further avers that in and by said note, and·as a part thereof, and by the endorsements thereof, the defendants agreed in writing to waive demand, protest and notice of protest, and all requirements necessary to hold defendants liable as maker or endorsers of said note."

There were demurrers to each count of the amended complaint. These demurrers were separately assigned by the several defendants. The court overruled the demurrers to each of the counts, and this ruling constitutes the first assignment of error by the separate appellants.

■ Manifestly there is no merit in the demurrer to the first count of the complaint. It is in Code form, and under our uniform rulings is sufficient. Code, § 9531; Ahrens-Rich Auto Co. v. Beck, etc., Iron Co., 212 Ala. 530, 103 So. 556.

The demurrer to count A presents quite another and different question.

■ This court is firmly committed to the proposition that an ordinary indorser may not be sued in the case along with the maker. The obligation assumed by each is not the same. A regular and unqualified indorser engages that on due presentment it (the instrument) shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder or to any subsequent indorser who may be compelled to pay it. Code, § 9092; Schillinger v. Leary, 201 Ala. 256, 77 So. 846; Scarbrough v. City National Bank, 157 Ala. 577, 48 So. 62, 131 Am.St.Rep. 71.

However, it appears from count A that the named indorsers indorsed the note *before its delivery*, and waived demand, protest, and notice of protest, and all requirements necessary to hold them liable as makers or indorsers of said note.

This court in the case of Hamill v. McCalla, 228 Ala. 281, 153 So. 412, 415, had occasion to deal with a case where the indorser had indorsed the note, as here, before delivery, and where the indorser had waived the statutory conditions to fasten liability upon him.

In that case we held that by waiver of the statutory conditions, the obligation of the indorser .became absolute upon default; and that such an indorser was not subject to the conditions of a statutory indorsement, but his obligation was dependent upon the nature and terms of his undertaking, and governed by the principles otherwise applicable to contracts.

And in the Hamill Case, supra, it was held: "If his indorsement was *before the initial delivery, and contained such a waiver, his liability accrued at the same time as that of the maker, and by the same instrument, and upon the same conditions and consideration, and to the same extent.* Holczstein v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409; Carter v. Long Brothers, 125 Ala. 280, 28 So. 74; Long v. Gwin, 188 Ala. 196, 66 So. 88; Carter v. Odom, 121 Ala. 162, 25 So. 774."

■ It must be conceded the indorser may enlarge his liability by a waiver of the statutory requirements to bind him, or he may limit it by restrictive indorsement. 8 Corpus Juris, § 558, p. 377.

■ In view of the above-declared rule, there can be no possible objection to the joining of indorsers along with the maker in a suit upon the note, with proper averments showing that the indorsement was made before delivery and the waiver of all statutory requirments to bind the indorsers to the payment of the obligation.

The demurrer taking the point that the maker and indorsers could not be jointly sued, was without merit, and therefore overruled without error. Authorities supra.

It may seem, on casual reading, that, in this case, we are departing from our uniform holding that an indorser cannot be sued jointly with the maker, yet this is the first time, so far as we have been able to find from a most diligent investigation of our adjudged cases, that a case has come before this court, wherein it was attempted to join the maker and indorsers in the same suit, under a complaint which averred that the note was indorsed before delivery, and in which·the indorser had waived all statutory requirements to hold them to liability on the note. This waiver of statutory requirements distinguishes the instant case from Carrington v. Odom, 124 Ala. 529, 27 So. 510.

While it is true that the liability of the indorser is contingent upon the compliance by the holder with all statutory require-

ments, yet if these requirements are in advance waived, the necessary result is to convert the otherwise contingent liability into a fixed liability along with the maker. There would, therefore, seem to be no good reason why all parties thus made initially liable on the paper should not be sued in the same action. This result can be accomplished without doing violence to any right of the indorser as against the maker, for section 9552 of the Code will take care of the situation that may confront the indorsers. This section provides: "9552. (5393) Control by indorser.—Every indorser who shall pay off and discharge the debt on which he is indorser, either pending the action or after judgment, whether the judgment be joint against the principal and all the indorsers or several against such, shall be entitled to control the judgment and execution founded thereon against the principal and all prior indorsers, in the same manner, upon the same proof, and under the same circumstances, as has been herein provided in the case of sureties, and if such indorser shall collect the same of a prior indorser, such prior indorser shall have the same control of the judgment or judgments against the principal, or any indorser prior to him."

█ We are also of the opinion that there is no merit in the contention of the appellants that the note sued on was without consideration.

It appears from the evidence without dispute that appellee's husband along with others had indorsed the note for the appellant W. L. Guttery and one T. J. Norris to the Central Bank & Trust Company, Jasper, Ala., in the sum of $800; that this note was executed on August 7, 1931, and was due and payable on November 7th thereafter; that the payee bank went into liquidation on October 29, 1931; that at that time appellee's husband had to his credit in said bank quite a large sum of money, much more than the amount of the said note; that Mr. Kilgore, husband of appellee, died on November 10, 1931, and before said note was paid; that thereafter, Mrs. Kilgore duly qualified as administratrix of her deceased husband's estate.

The makers of said note given to the Central Bank & Trust Company having failed to pay said note when due, and Mrs. Kilgore—then administratrix of her husband's estate—being desirous of having her husband's estate released from the obligation, entered into an arrangement with said Guttery by which she settled with the liquidating agent of said bank the said note by giving, in her representative capacity, to said liquidating agent a check on the funds of her said husband's estate on deposit in said bank, and Guttery gave to Mrs. Kilgore the note sued on, and indorsed by the appellants M. H. Johnson, W. C. Clark, E. W. Long, and C. P. Chabert. The said Chabert was the only party who was not on the note given to the said bank. This note was given and indorsed pursuant to an agreement made between the parties at the time Mrs. Kilgore paid the note to the bank. At that time Mrs. Kilgore was the administratrix of her husband's estate. It also appears that Norris, one of the comakers, has paid nothing on the note and had nothing to do with the transaction between Mrs. Kilgore and these appellants. The note sued on is made payable to Mrs. Kilgore individually, and there is nothing on its face to show that it is assets of the estate. The evidence further tends to show that the deceased husband died intestate, leaving surviving him four children, one of whom was a minor, and that there were filed against his estate a number of claims. There was no proof, however, that the estate was insolvent. The administration of said estate was still pending in the probate court of Walker county at the time of the trial of this cause. There was no evidence tending to show that the plaintiff agreed to surrender the original note to Guttery, one of the original makers, at or before the time the note was executed and delivered, but it shows that Guttery some time after the execution and delivery of the new note demanded its surrender to him, which was never done.

The appellants insist that the note sued on is without consideration, in that, the indebtedness of the appellants to the estate of Mr. Kilgore passed to his personal representative, and that the complainant, as the widow of deceased, had no such interest in this debt as would support a note made to her by such debtors.

In support of this proposition appellants cite the cases of Sovereign Camp, W. O. W., v. Snider, 227 Ala. 126, 148 So. 831; Brown v. Copeland, 206 Ala. 124, 89 So. 274; Costephens v. Dean, 69 Ala. 385.

So far as here applicable, the cases of Costephens v. Dean and Sovereign Camp, W. O. W., v. Snider, supra, decide nothing

**518**

more than that distributees or legatees, as such, have no title to the personal assets of a decedent's estate, and are not appointed by law to demand or receive them. Their interest is secondary, and is capable of conversion into unqualified ownership only through the process of administration.

The case of Brown v. Copeland, supra, is easily distinguishable on the facts from the instant case. In that case there was nothing to show whether there had been or was then pending any administration upon the husband's estate. It appeared that the widow, in her capacity as widow only, attempted to make collections due the husband's estate, and to take notes in settlement of amounts due him. The note sued on in that case was given to the widow in settlement of a debt due the husband, and was without any other consideration. The court held, on these facts, the note was without consideration and sustained defendant's contention.

■ However, in the case at bar, the plaintiff paid, in compliance with her agreement with the defendants (appellants), the note held by the bank. It is true that, in doing so, she used moneys belonging to her as administratrix of her husband's estate, but nevertheless she paid and took up the outstanding note, and by this act, the defendants secured an extension of a year in the payment of the indebtedness. Plaintiff, unlike the widow suing in the case of Brown v. Copeland, supra, is the administratrix and is able to execute a receipt to the defendants. The fact also remains that no demand by the administratrix or by any one else has since been made upon the defendants for the payment of the original note. As administratrix, Mrs. Kilgore no doubt is answerable, and must account to the estate for whatever she may realize on the note sued on, for when the administrator collects money belonging to the estate, such money becomes *immediately* a part of the estate.

This case resembles in some respects the case of Nelson v. Lovejoy, 14 Ala. 568, in which the consideration of a note was upheld, where it was made to a person who agreed to become, and afterwards did become, the administrator of the deceased creditor.

It follows that we are of the opinion that the defendants failed to prove their plea that the note sued on was without consideration.

Finding no error in the record, the judgment appealed from is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS, and BROWN, JJ., concur.